[No. 7713—In Bank.]
March 10, 1882.

## J. B. CHRISTIE v. BOARD OF SUPERVISORS OF SONOMA COUNTY.

CLAIM AGAINST COUNTY—PHYSICIAN'S SERVICES ON POST MORTEM EXAMINATION—BOARD OF SUPERVISORS.—The claim of the plaintiff (a physician), certified by the coroner, for "making a trip from Petaluma to Timber Grove and making a post mortem examination on the body of William Johnson and taking the stomach of said deceased to San Francisco for analysis"—was presented to the Board of Supervisors, and the Board refused to consider the claim on the ground among others that it did not give all the items as required by Section 4072 Political Code.

*Held*, that the objection was well taken and mandamus would not lie to compel the Board to consider the same.

APPLICATION for a writ of mandamus.

No briefs on file.

SHARPSTEIN, J.:

It appears by the certificate of the Coroner that the plaintiff was duly summoned to inspect the body, analyze the stomach, and give a professional opinion as to the cause of

the death of deceased; and that, in obedience to said summons, the plaintiff performed those services.

Upon the presentation of an account, properly made out and verified, and that certificate to the Board of Supervisors, it was the duty of that Board to allow a reasonable compensation for such services. The certificate was not conclusive as to the amount of compensation. (Ch. 81, Stat. 1872, 81.) Under the maxim *inclusio unius est exclusio alterius,* it would seem that such certificate was conclusive as to the rendition of the services. The Board refused to hear or consider this claim, on the ground, among others, that it did not give all the items of the claim. The claim is for "making a trip from Petaluma to Timber Cove, and making a *post mortem* examination on the body of William Johnson, and taking the stomach of said deceased to San Francisco for analysis."

The number of miles traveled in going from Petaluma to Timber Cove, or the length of time consumed in making the *post mortem* examination, or the number of miles traveled, or the time consumed, or the expenses incurred in taking the stomach to San Francisco for analysis, is not stated. As the Board had the power to allow such amount of compensation as it might think that he was entitled to receive, the statement of these things which we have enumerated as omitted, was necessary, in order to enable the Board to determine what amount should be allowed. And we suppose that the object of the Legislature in providing that "the Board of Supervisors must not hear or consider any claim in favor of an individual against the county unless an account, properly made out, *giving all the items,*" is presented to the Board, was to have the Board furnished with sufficient *data* for intelligently determining the amount due to a claimant before even considering his claim. (Pol. C., 4,072.)

There are other reasons assigned in the answer of the respondent for not acting upon said claim, but as we deem the one to which we have referred sufficient, it is unnecessary to consider any other.

Writ discharged.

MORRISON, C. J., and McKINSTRY, MYRICK, and Ross, JJ., concurred.

THORNTON, J. dissented.