[No. 8,679—Department Two.]
November 13, 1882.

B. J. RHODES, ASSIGNEE, ETC., v. FRANCIS E. SPENCER, 62  43
SUPERIOR JUDGE ETC.                                     81 550

NEW TRIAL—VERDICT IN EQUITY CASE—CONVEYANCE IN FRAUD OF CRED-
ITORS—PRACTICE.—In an action by the assignee of an insolvent to set
aside a conveyance, a jury was impaneled to whom the issue of fraud
was submitted, leaving certain other issues to be disposed of by the
Court; and the trial resulted in a verdict for the plaintiff on the issues
submitted. Afterwards, on motion of the defendant, the Court made an
order for a new trial of the issues submitted to the jury; and refused to
proceed with the trial of the remaining issues; and an application was
made to this Court for writ of mandamus to compel him to proceed.
Held: The facts set forth in the petition do not entitle plaintiff to the
relief prayed for.

APPLICATION for writ of mandamus to Francis E. Spencer,
Superior Judge of Santa Clara County.

The plaintiff was assignee of M. Farrell, an insolvent
debtor, and brought his action in the lower Court to set aside
an assignment made by Farrell to one William P. Dougherty
of a tract of land used as a brick-yard, "together with the
implements, material, plant, stock in trade, and live-stock,"
used in connection therewith. On the trial special issues
were, by consent, submitted to the jury, covering the issues
as to fraud and notice on the part of Dougherty, and also
with reference to the number of bricks received by him; and
the remaining issues, referring to the value of the personal
property and the damages suffered by the plaintiff, were left
to be disposed of by the Court. A verdict was rendered in
favor of the plaintiff, and thereupon the remaining issues
were set for hearing by the Court, but before the hearing a
new trial of the issues submitted to the jury was granted by
the Court on the motion of the defendant.

*Vincent Neal*, for the Plaintiff.

Only one motion for a new trial can be made in an action,
and that can only be made after all the issues have been
heard. The order granting a new trial was therefore a nullity.
(*Bates* v. *Gage*, 49 Cal. 126.)

No brief on file for Defendant.

The COURT:

We think the facts set forth in the petition do not entitle the plaintiff to the relief prayed for.

Writ denied.