[S. F. No. 2119.   Department Two.—June 20, 1902.]

## JOHN E. NASH, Respondent, v. ERNESTINE KRELING, Appellant.

JUDGMENTS — OFFSET — IMPROPER EXECUTION PENDING MOTION.— The owner of a lesser unsatisfied judgment which has become final is entitled upon motion to have it offset and credited upon a larger unsatisfied judgment which has become final against him in favor of his judgment debtor; and an execution issued for the full amount of the larger judgment pending the motion was improper, and the mover for the offset is entitled to have it stayed.

ID.—DISCHARGE OF CROSS-DEMANDS—OFFSET NOT CONDITIONAL—EXECUTION FOR BALANCE.—The debt of the larger judgment was discharged *pro tanto* by the amount of the cross-demand of the lesser judgment, under section 4409 of the Code of Civil Procedure. The owner of the larger judgment could not exact payment of the balance as a condition of allowing the offset, and was entitled to execution for the balance only.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to recall an execution. John Hunt, Judge.

The facts are stated in the opinion.

H. H. Lowenthal, for Appellant.

The judgment in appellant's favor extinguished the other *pro tanto* by operation of law, without the necessity of any act by the parties. (*Black* v. *State*, 36 Ga. 447;[1] *Commonwealth* v. *Clarkson*, 1 Rawle, 291.) The duty of the court to offset judgments between the parties, as well as the legal right to have them offset, is clearly established. (*Haskins* v. *Jordan*, 123 Cal. 157; *Hurst* v. *Sheets*, 21 Iowa, 506; 22 Am. & Eng. Ency. of Law, 450; Black on Judgments, sec. 1000.)

Naphtaly, Freidenrich & Ackerman, for Respondent.

There was no offer to pay the excess of the judgment, and the appeal is frivolous.

SMITH, C.—Appeal from an order denying the defendant's motion to recall execution issued by plaintiff.

[1] 91 Am. Dec. 772.

The case is as follows: In two suits brought by the plaintiff against the defendant in the court below, judgment was entered in the one for the plaintiff, for the sum of $307.75, and in the other, for the defendant, for the sum of $134.75; and, on appeal, both judgments were affirmed by this court February 13, 1899. Notice of motion to offset the defendant's judgment was served on plaintiff's attorney February 23d, and came on for hearing March 18th, of the same year; but by reason of the *remittitur* not being filed, the motion was dropped from the calendar and the hearing continued. Afterwards, an execution having been issued by the plaintiff, an order was made by the court, on motion of defendant, that defendant show cause, at the time named, why the execution should not be recalled and annulled, or otherwise disposed of, as to the court might seem just; and on the hearing defendant's motion was denied. The affidavits of the parties show, without contradiction, the existence of defendant's judgment, and that it is unsatisfied. These facts clearly entitled her to have the amount of her judgment credited on that of the plaintiff; and while the motion was pending the issue of execution for the full amount of plaintiff's judgment was improper. Nor was he entitled to exact of the defendant the payment of the balance as a condition of allowing the offset. His debt was discharged *pro tanto*, and he was entitled to execution for the balance only. (Code Civ. Proc., sec. 440; *Black* v. *State*, 36 Ga. 447;[1] *Haskins* v. *Jordan*, 123 Cal. 157.)

We advise that the order appealed from be reversed and the cause remanded, with directions to the court below to stay the plaintiff's execution until the decision of the pending motion of defendant to offset her judgment.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed and the cause remanded, with directions to the court below to stay the plaintiff's execution until the decision of the pending motion of defendant to offset her judgment.     McFarland, J., Henshaw, J., Temple, J.

[1] 91 Am. Dec. 772.