[Civ. No. 3910. First Appellate District, Division One.—January 6, 1922.]

PASSOW & SONS (a Corporation), Plaintiff and Appellant, v. UNITED STATES FIDELITY & GUARANTY COMPANY (a Corporation), Defendant and Respondent.

[1] SURETIES—UNDERTAKING FOR RELEASE OF ATTACHMENT—RECOVERY ON BOND—PLEADING—PREMATURE RETURN OF EXECUTION UNSATISFIED—SUFFICIENCY OF COMPLAINT.—In an action on an undertaking given to secure the release of an attachment, the required conditions upon which an execution may be returned unsatisfied in advance of the minimum statutory period fixed for its return are complied with by an allegation that the judgment debtor did not have any property subject to levy or means wherewith to satisfy the execution on the date on which the execution was issued, or at any time thereafter between the date of issuance of the writ and the earliest date a return of execution was permitted by law to be made or at any other time thereafter.

[2] ID.—EXISTENCE OF LIEN—WAIVER BY ATTACHING CREDITOR—LIABILITY OF SURETY UNAFFECTED.—The surety on a bond given to secure the release of an attachment is not in a position to complain of the conduct of the attaching creditor in bringing the action upon a debt which was previously secured by some sort of a lien upon property, which he might have enforced instead of waiving it and bringing suit for the debt, since the surety is presumed to have been aware of the facts and to have made its contract accordingly.

[3] ID.—EXISTENCE OF LIEN AT TIME OF ATTACHMENT—CONFLICT OF EVIDENCE—FINDING—APPEAL.—Where in an action on an undertaking given to secure the release of an attachment the evidence is conflicting on the question as to whether the attaching creditor had a seller's lien on the property at the time of its attachment, the finding of the trial court is conclusive on appeal.

[4] Costs — Reversal of Judgment — Payment of Appellant's Costs—Second Trial—Right of Reimbursement.—Where upon the reversal of a judgment the respondent paid the appellant's costs without moving to tax the same, and upon a second trial the respondent again obtained judgment, the latter was not entitled to include in its cost bill the amount paid to the appellant.

APPEALS from a judgment of the Superior Court of the City and County of San Francisco and from an order striking out items from cost bill. George A. Sturtevant, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. H. Morrissey and Frederick M. Shipper for Plaintiff and Appellant.

Leon E. Morris for Defendant and Appellant.

RICHARDS, J.—There are two appeals herein, one by the defendant from the judgment and one by the plaintiff from an order after final judgment striking out certain items from its cost bill. We shall dispose of these in their order. This is the second time this cause has been before the appellate tribunals upon the defendant's appeal. The facts of the case leading up to the institution of the action were thus summarized by the supreme court upon the former appeal:

"The action was for the recovery of the price of certain goods sold by the plaintiff to Bowman. The price agreed on was one thousand dollars, of which two hundred dollars was to be paid before delivery, and forty dollars per month during each month thereafter. The agreement was in writing, signed by the parties, and it acknowledged the receipt of the goods by Bowman. It further provided that until the price was fully paid the property should belong to the plaintiffs, without right in Bowman to sell or encumber the same. There was a further provision, however, that if Bowman failed to pay any installment when due, or should refuse to accept delivery or return the goods, then the entire balance of the price should at once become due and payable, and that thereupon the plaintiff at its option could either sue for the whole price or cancel the contract and take possession of the goods. Bowman failed to pay the

price, and the plaintiff thereupon began the main action. In suing out the attachment the affidavit on behalf of the plaintiff stated, as the law required, that the debt was not secured by any lien. On the trial of that action Bowman appeared and consented to a judgment for the whole price unpaid, on condition that the title to the property should pass to him. Thereupon judgment was rendered accordingly, and full delivery was made to him in accordance with his proposal.'' (*Passow & Sons* v. *United States F. & G. Co.,* 177 Cal. 31, 37 [170 Pac. 1124, 1126].)

The ground upon which a reversal was had upon the former appeal was that the execution in the original action in which the undertaking sued upon in this action was given appeared to have been prematurely returned, and that for that reason this action, in the then state of its pleadings, could not then be maintained, the supreme court saying upon that subject:

''There is a qualification of this rule, in other states, to the effect that where the issuance and return of an execution are necessary as a foundation for further proceedings against the judgment debtor, as, for example, proceedings supplementary to execution, or a creditor's bill, a premature return unsatisfied may be cured by proof that the execution debtor in fact had no leviable property. In our opinion the reasons in favor of this rule justify its application to a premature return, where the return is necessary as a foundation for an action upon an undertaking to release an attachment. It is obvious that if in fact the judgment debtor had no property subject to levy, or means wherewith to satisfy the execution, at any time during the period between its issuance and the earliest lawful return day thereof, and premature return could not cause any loss or prejudice to the surety upon the undertaking *it would appear to be just and reasonable that if these facts be clearly established, the return unsatisfied, though premature in point of time, may still be available to support a subsequent suit or proceeding. The effect of this, however, is that the party instituting the suit on the undertaking must allege and prove that the execution could not have been satisfied during the minimum lawful period for its return.''* (*Passow & Sons* v. *United States F. & G. Co., supra.*)

Upon the remission of the cause for retrial plaintiff amended its complaint by inserting the following averment: "That Charles Bowman, the defendant in that action, did not have any property subject to levy or means wherewith to satisfy said execution or judgment, or any part thereof, on the fourteenth day of February, 1913, the date on which said execution issued, or at any time thereafter between the date of the issuance of said execution and the earliest date a return of said execution was permitted by law to be made or at any other time thereafter."

Thereafter the cause came on for retrial, whereupon the plaintiff, in addition to the reintroduction of its former proof, presented evidence to the effect that immediately after the conclusion of the original action, at the close of which the defendant Bowman therein had received the actual possession of the billiard-tables, to recover the price of which that action had been brought, placed a chattel mortgage upon the same for the sum of five hundred dollars, which was in existence at the time the execution in that action was issued and returned unsatisfied. There was also evidence that the said Bowman had no property subject to execution with the exception of his possible equity in said billiard-tables over and above the lien of said mortgage. There was also evidence that said billiard-tables had been subsequently sold to pay said mortgage, but that a sufficient sum had not been realized from said sale to satisfy the same. Upon these facts the trial court found as follows: "At the time said execution was issued the said Charles Bowman owned no property and prior to the issuance of said execution said Charles Bowman had sold and transferred all of said pool-tables and equipment and all property that he owned. That said Charles Bowman had no property at the time said execution was issued nor at any time thereafter and did not have up to the time of the trial of this action."

[1] The appellant upon the present appeal contends that it is again entitled to a reversal of the case upon the ground that the required conditions upon which an execution may be returned unsatisfied in advance of the minimum statutory period fixed for its return as stated by the supreme court in its former opinion as above set forth have not been met by the plaintiff's amendment to its complaint

and by the above evidence educed in support of said amendment. We are unable to agree with this contention. The expression of the supreme court above quoted, in defining the conditions under which an execution might be returned in advance of the statutory period and might still furnish the basis for an action against the surety upon the attachment bond was not, as the appellant insists, "dicta," but, on the contrary, was an express direction as to the pleadings and proofs required upon a retrial of the cause. This direction the plaintiff sufficiently complied with by its amendment to its former complaint, and we think also sufficiently conformed to in its proofs in support of said amendment. The defendant Bowman in said former action had no property upon which said execution could have been levied except his interest in the billiard-tables covered by the lien of the chattel mortgage. This lien was admittedly a valid one. The execution, therefore, could not have been levied upon said property without a compliance on the part of the officer levying the same with the provisions of section 2969 of the Civil Code, which reads as follows: "Before the property is so taken, the officer must pay or tender to the mortgagee the amount of the mortgage debt and interest, or must deposit the amount thereof with the county clerk or treasurer, payable to the order of the mortgagee." It has been held that any levy attempted to be made without complying with this section of the Civil Code is unlawful and creates no lien. (*Sousa* v. *Lucas,* 156 Cal. 460 [105 Pac. 413], and cases cited.) It follows that aside from the fact that the evidence shows that there was no appreciable equity in the mortgagor at the time of the issuance and return of the execution, there was no interest therein upon which a levy could have been made without either a violation of the terms of the Civil Code above quoted, or the doing of acts on the part of the officer levying the writ which we do not think the execution creditor was bound to require or equip him to do.

[2] The appellant upon this appeal returns to its insistence upon the former appeal that the judgment lien for the release of which the undertaking upon which this action was brought was given was void, for the reason that the plaintiff had a lien upon the property for its purchase price for which it was suing at the time it procured said attach-

ment and at the time said undertaking was given for the release of the same. We think this matter has been concluded by the decision of the supreme court upon the former appeal; for although the court, in its said decision, was dealing more particularly with the seller's right to retake the property under the terms of the conditional sale thereof, to defendant Bowman, still the language of the decision covers whatever lien the seller may have had at the time that suit was brought; since the court says: "In view of these authorities we are of the opinion that the defendant here is not in a position to complain of the conduct of the plaintiff in bringing the action upon a debt which was previously secured by some sort of lien upon property, which he might have enforced instead of waiving it and bringing suit for the debt. The surety must be presumed to have been aware of the facts and to have made its contract accordingly. It was an unconditional agreement to pay the amount of the judgment when rendered." (*Passow & Sons* v. *United States F. & G. Co., supra.*)

[3] The appellant, however, still contends that the evidence educed upon the second trial of this action affirmatively shows that the seller still had its seller's lien upon the billiard-tables at the time of this attachment and up to the time of the judgment in the original action. We do not regard this as material in view of the above citation from the former decision, but even if it were so we are of the opinion that the evidence, far from showing that the seller's lien, dependent upon possession, existed at the time of the attachment in said action, does sufficiently show that the seller had parted with its possession of said property and had no longer a seller's lien thereon. It had consigned the property to Bowman and had delivered the same to the railroad company upon such consignment; it had transmitted to the purchaser by mail the original shipping receipt, retaining only a copy thereof; conceding that there is some conflict in the evidence as to said shipping receipt, the finding of the trial court that the plaintiff had no seller's lien upon the billiard-tables at the time it procured its attachment and at the time said bond was given is conclusive as to that matter, as is also the finding of the trial court that there was no fraud or collusion upon the part of the plaintiff in agreeing that said Bowman should be given

possession of said property immediately upon the entry of plaintiff's judgment for the purchase price thereof, since, if the seller had no lien thereon, there could be no fraud in agreeing that the purchaser might take possession to which he was already entitled by virtue of the consignment of said property to him.

This, we think, disposes of the appellant's contentions upon this field. We do not deal with the question as to whether the plaintiff would have been entitled to a judgment upon its second cause of action for the reason that the second cause of action concerns the same matter as the first cause of action, but contains certain additional averments relating to an alleged offer of the defendant to pay the plaintiff's claim as soon as the original judgment against its principal Bowman became final. The trial court, however, seems to have overlooked this second cause of action, making no specific finding thereon. There is a general finding that all the allegations of the plaintiff's complaint are true, but this, taken with its context, apparently has reference only to the first cause of action.

The only remaining matter for discussion is that presented upon the plaintiff's appeal from the order striking certain items from its cost bill. The facts in relation to this matter are these:

Upon the reversal of the first judgment herein by the supreme court the defendant filed in the trial court a cost bill amounting to $219.85 and embracing its costs in the superior court, the appellate court, and the supreme court. Thereafter the defendant moved the trial court for an order staying further proceedings in the action until the plaintiff should pay the defendant said sum, which motion was granted by the trial court by the following order: "It is therefore ordered that further proceedings be stayed in this court until the plaintiff pays to the defendant the sum of two hundred and nineteen (219) dollars and eighty-five (85) cents, the full amount of its cost bill, and seven (7) per cent per annum from the 29th day of January, 1918, subject to plaintiff's right to recover the same in the event of judgment being rendered in favor of plaintiff and against defendant."

[4] Thereafter, and upon the recovery by the plaintiff of the judgment herein appealed from, it filed its cost bill

and included in it the amount it had been required to pay and had paid pursuant to said order; but upon motion of the defendant this item was, by order of the trial court, stricken from the plaintiff's cost bill. The plaintiff's appeal herein is from said last-named order. We perceive no error in said order. The defendant, upon the reversal of the former judgment, was entitled, under rule 23 of the supreme court (176 Pac. xi) to recover its costs upon appeal and to have a judgment to that effect inserted in the *remittitur.* This having been done the defendant was further entitled to include such costs in its cost bill filed in the superior court on the going down of such *remittitur.* This it did. No motion to retax said cost bill having been made by plaintiff it became, as to the items in said cost bill, a final judgment in the defendant's favor. (Code Civ. Proc., sec. 1034.) The order of the trial court staying further proceedings in the case until such costs had been paid was not assailed by the plaintiff, but, on the contrary, was complied with by it. The plaintiff, however, contends that by the concluding clause in said order it was given the right to recover such costs in the event of a judgment being finally rendered in its favor; but clearly the trial court could grant no such right to the plaintiff as to those costs to which the defendant was absolutely entitled and for which it had a final judgment in its favor by virtue of said *remittitur* and of defendant's uncontested cost bill. This being so the action of the trial court was proper in striking said item of costs from the plaintiff's cost bill filed upon the rendition of the second judgment in its favor. There is no merit, therefore, in the plaintiff's appeal.

The judgment upon the defendant's appeal therefrom is affirmed.

The order from which the plaintiff appeals is also affirmed.

Kerrigan, J., and Tyler, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 3, 1922, and a petition to have the cause heard in the supreme court, after

judgment in the district court of appeal, was denied by the supreme court on March 7, 1922.

All the Justices concurred.

Lennon, J., was absent and Richards, J., *pro tem.*, was not acting.