[Civ. No. 8387. First Appellate District, Division Two.—February 24, 1932.]

CHARLES H. LAYNE, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Everette C. McKeage for Petitioner.

Joseph E. Reardon for Respondents.

THE COURT.—This is an original proceeding in *mandamus* asking that the trial court be directed to grant petitioner's motion to offset his judgment against a judgment for the defendant in an action entitled *Layne* v. *Kirby*.

In the action referred to petitioner as plaintiff commenced an action for libel in which the demurrer of defendant Kirby was sustained. Plaintiff appealed to the Supreme Court, which reversed the judgment and awarded plaintiff costs amounting to $325. The *remittitur* duly followed and, no motion to tax costs having been made, judgment was duly entered in favor of plaintiff in the superior court on February 26, 1930. Execution issued upon this judgment and was returned unsatisfied. Thereafter the cause came to trial and defendant obtained a judgment including costs in his favor in the sum of $128.40. Thereafter the plaintiff moved the superior court for an order setting off so much of the judgment of said plaintiff against the judgment of said defendant as it became necessary to satisfy defendant's judgment in full. Said motion was denied upon the ground that the judgment for defendant on the trial of the action nullified the former judgment for costs entered in the plaintiff's favor.

The writ must issue for the reason that the petitioner's right to have his judgment set off against that of the defendant is statutory. (Sec. 440, Code Civ. Proc.; *Nash* v. *Kreling*, 136 Cal. 627, 628 [69 Pac. 418].)

In this connection we are not concerned with respondent's contention that the judgment awarding costs to petitioner is invalid and that the plaintiff is not entitled to costs in an action for libel where judgment has gone for defendant. The judgment upon which the petitioner herein relies is a final judgment entered upon the fiiling of the *remittitur* from the Supreme Court and is not now open to inquiry.

Respondent's point that the mandate should not issue because the petitioner has a plain, speedy and adequate remedy by appeal is not sound. An appeal from the final judgment in the main action would not avail the plaintiff

anything and might even be termed frivolous, while an appeal from the order denying petitioner's motion to offset would not stay the execution upon defendant's judgment for costs.

■ There is no merit in the contention that the judgment for the defendant upon the second trial of the main action nullified the petitioner's judgment for costs awarded on appeal. This was determined in *Passow & Sons* v. *United States etc. Co.*, 56 Cal. App. 72, 79 [204 Pac. 545].

Let a peremptory writ issue as prayed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 25, 1932, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 21, 1932.