[Civ. No. 4702. Third Appellate District.—November 14, 1932.]

CALIFORNIA COTTON CREDIT CORPORATION (a Corporation), Petitioner, v. THE SUPERIOR COURT OF MADERA COUNTY et al., Respondents.

Irvine P. Aten for Petitioner.

George Mordecai for Respondents.

THE COURT—Petitioner commenced an action in the justice's court to recover from respondent Gilstrap certain personal property consisting of horses, mules and farming implements of which he claimed to be the owner and which were then in the possession of Gilstrap. The ordinary procedure was followed and on the demand of petitioner the said property was delivered to it. Respondent Gilstrap in that action claimed the ownership of said property and judgment was rendered in his favor for the return of said property, or if return thereof could not be had, for its value in the sum of $299 and for $109 damages for the taking of the same and $6 costs. This judgment was rendered November 10, 1931. Petitioner appealed to the superior court and that court again rendered judgment in favor of respondent Gilstrap for the return of said property, or in default thereof for its value in the sum of $299 and for $110 damages for taking and withholding the same, and for his costs in the sum of $8.20. The date of this judgment is February 8, 1932. It has become final. None of said property has been returned to said Gilstrap.

On the tenth day of November, 1931, petitioner commenced an action against said Gilstrap for the balance alleged to be owing it by Gilstrap on the promissory note, the amount of said alleged balance being $1162.50.

On March 5, 1932, petitioner moved the court to stay the execution on the judgment theretofore rendered in favor of Gilstrap until the final determination of the action then pending, but not at issue, brought by petitioner against Gilstrap to recover the alleged balance on said note, in order that petitioner could then set off the judgment so to be obtained against the said judgment rendered in favor of Gilstrap, alleging in said motion that respondent was insolvent. This motion was denied.

Thereupon this proceeding was commenced wherein petitioner applied to this court for a writ of mandate, setting

forth in his verified petition therefor the aforesaid facts. Upon the filing of said petition this court caused to be issued an alternative writ of mandate requiring respondents to show cause why the relief prayed for in said petition should not be granted.

Thereupon respondent Gilstrap filed his answer to said petition and attached thereto his affidavits theretofore filed in opposition to the said motion to stay the execution. In these affidavits he alleged that he had paid the said promissory note in full and that an accounting between him and petitioner would show that petitioner was owing him upwards of $1,000.

During the year 1931 Gilstrap was engaged in farming, planting and maturing a crop of cotton. To enable him to do this petitioner advanced him the necessary money, taking as security therefor a mortgage on said crop and on certain personal property, the horses, mules and farming implements for which Gilstrap recovered judgment not being included in said mortgage. When the cotton crop matured it was turned over to petitioner, who sold it and applied the proceeds on said mortgage. It appears from the affidavits of Gilstrap that there were numerous transactions between petitioner and him and that an accounting would be necessary. Gilstrap also alleges in said affidavits that two of the horses and the farming implements which were taken from him by petitioner in the claim and delivery action were exempt from execution.

It is a well-settled proposition that where there exist judgments between the same parties of the same general character the one may be offset against the other (15 Cal. Jur., p. 275, sec. 269, and authorities cited) and the law will intervene to compel such set-off, especially where one of the parties is insolvent; and in such cases, in equity, a set-off is a matter of right and not of discretion. (*Hobbs* v. *Duff*, 23 Cal. 596, 629.)

In the case now before the court we have a final judgment in favor of respondent Gilstrap and a disputed claim on the part of petitioner upon which an action is pending. Petitioner does not contend that it is entitled to have its claim set off against said judgment, but claims that the court should stay the execution until such time as there is a final determination of its action, in order

that if it recovers a judgment against respondent it can use it as a set-off against respondent Gilstrap's judgment. In support of this claim the petitioner cites the cases of *Machado* v. *Borges,* 170 Cal. 501 [218 Pac. 773], *Arp* v. *Blake,* 63 Cal. App. 362 [218 Pac. 773], *Nash* v. *Kreling,* 136 Cal. 627 [69 Pac. 418], and *Hobbs* v. *Duff,* 23 Cal. 596. These cases have to do with the right of set-off and do show clearly when such right should be recognized by the court. However, in the action before us the question really presented is whether the court below abused its discretion in refusing to stay execution upon the judgment held by respondent Gilstrap against the petitioner. Whether the claim asserted by the petitioner or any judgment that may be obtained by it against the defendant thereon should or should not be set off against the judgment held by the respondent is only presented collaterally and if the circumstances presented to the court below were such as to call for the exercise of the court's discretion in determining whether an execution should or should not be stayed on the respondent's judgment then and in that case this court cannot interfere therewith in this proceeding without showing an abuse of discretion.

Respondent Gilstrap claims that part of the property taken by petitioner in the claim and delivery action was exempt from execution. Such being the case, no right of offset exists as to the extent of the judgment for the property so exempt. (*Beckman* v. *Manlove,* 18 Cal. 388.)

Courts of general jurisdiction have inherent discretionary power to grant a stay of execution in a proper case. (23 C. J. 528; 11 Cal. Jur. 57.) It is a general rule that in order that a writ of mandate issue to compel action on the part of a court or judge, the petitioner must show that the case is one where the duty to do the thing asked for is plain and unmixed with discretionary power or exercise of judgment. (*Tomkins* v. *Harris,* 90 Cal. 201 [27 Pac. 202].)

In *Candeias* v. *Superior Court,* 49 Cal. App. 580 [193 Pac. 957, 959], the court in denying the writ said:

"In order to invoke against the respondent herein the writ of *mandamus* petitioner must show from the record that there were no facts or circumstances to sustain the action of the trial judge in refusing the application for a

stay, and that consequently the order refusing to grant the stay was made without jurisdiction; or, as stated in the case of *Raisch* v. *Board of Education,* 81 Cal. 542, at page 546 [22 Pac. 890, 891] : 'there was no semblance of cause' for the action of the court; or, as stated by Mr. Justice Henshaw in the case of *Newlands* v. *Superior Court,* 171 Cal. 741, at page 744 [154 Pac. 928, 931], petitioner should show 'that discretion under the facts can be legally exercised in but one way'.''

When a trial court is vested with discretion in the exercise of its judicial power, the exercise of such discretion will not be controlled by mandate except in case of palpable abuse. (*Beardsley Land & Inv. Co.* v. *Superior Court,* 104 Cal. App. 255 [285 Pac. 908] ; *Los Angeles A. T. Co.* v. *Superior Court,* 94 Cal. App. 433 [221 Pac. 363] ; *Realty etc. Co.* v. *Superior Court,* 165 Cal. 543 [132 Pac. 1048].)

We are of the opinion that the trial court did not abuse its discretion in refusing to stay the said execution and therefore the peremptory writ is denied.