[Civ. No. 1994. Fourth Appellate District.—September 28, 1936.]

AUGUSTA T. PARKER, Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent.

H. C. Tallmadge for Petitioner.

Thomas Whelan, District Attorney, Frank T. Dunn, Assistant District Attorney, and Sloane & Steiner for Respondent.

BARNARD, P. J.—An alternative writ of mandate was issued in this matter, in which the petitioner seeks to compel the respondent court to order a money judgment in her favor and against her former husband, Truman A. Parker, in the sum of $2,114.89 and directing the clerk to issue execution thereon.

In a final decree of divorce entered in the respondent court on July 14, 1928, the said Truman A. Parker was ordered to pay to the petitioner the sum of $100 per month until her death or remarriage. The petition alleges that Parker paid this amount until December 15, 1932, but that since said date he has paid only the sum of $50 per month. In an affidavit used in the respondent court and included in respondent's answer, Parker states that he paid $100 a month until November 14, 1934; that he then informed this petitioner that because of his reduced income he would be unable to continue payments in that amount and would thereafter pay her only $50 per month; that since that time he has paid petitioner $50 each month; that each of said payments was made by a check payable to her; that each check bore a notation to the effect that it was in full payment of alimony to its date; and that each of said checks was accepted, endorsed and cashed by her.

On February 17, 1936, a hearing was had in the respondent court on an order, secured by this petitioner, to show cause why the said Parker should not be found in contempt for failure to pay the full amount ordered by the final decree of divorce. At the hearing certain affidavits were filed and certain canceled checks were introduced in evidence and, after argument, the matter was submitted. On February 18th, the Honorable Charles C. Haines, Judge of said court, entered an order reading in part as follows: " . . . whereupon the Court considers the affidavits presented and the arguments of counsel, and finds that as of January 20, 1936, Defendant Truman A. Parker was not delinquent in any payments in favor of Plaintiff Augusta T. Parker, and that on said date he was not indebted to her in any amount by reason of any decree or judgment heretofore rendered in the above entitled cause up to and including the 15th day of January, 1936; WHEREFORE, IT IS ORDERED that said

Defendant is not guilty of any contempt, and that proceedings on any alleged delinquencies accruing prior to January 16, 1936, be, and they hereby are dismissed.'' On March 20, 1936, on the *ex parte* application of this petitioner the respondent court entered an order that judgment be entered for $2,114.89, and that the clerk issue execution therefor. On March 26, 1936, the respondent court entered an order which, after reciting that the order of March 20, 1936, had been improperly and inadvertently made and that the same was in conflict with the order made on February 18, 1936, vacated and set aside the order of March 20, 1936, ordered the same expunged from the record, and recalled the execution which had been issued. On July 6, 1936, this petitioner presented before Honorable Clarence Harden, Judge of the respondent court, a motion to vacate the court's order of March 26, 1936, together with a new motion for entry of a money judgment in the sum of $2,114.89 and the issuance of execution thereon. On July 8, 1936, an order was entered in which, after reciting that ''affidavits in behalf of plaintiff and in behalf of defendant were presented on both motions and after argument of counsel the court finds that the defendant is not indebted to plaintiff on account of any accrued instalments'', it was ordered that both motions be denied.

The petition herein alleges that there is not now and never has been any dispute as to the following facts: that the full monthly payments provided for in the final decree of divorce have not been paid; that there has never been any agreement or understanding between the parties whereby the petitioner was to accept payments in the sum of $50 per month in lieu of or in full payment of the instalments fixed by the decree; and that no compromise, release, discharge, waiver or other form of satisfaction or receipt has been given by the petitioner to the said Parker. However, it fully appears that these matters are disputed in this proceeding and were disputed in the two hearings in the respondent court.

The petitioner argues that in the hearing on February 17, 1936, the jurisdiction of the respondent court was limited to the question of contempt and that it exceeded its jurisdiction in making a finding, in its order of February 18th, on the question as to whether the said Parker

was indebted to this petitioner, as this was a civil question and not involved in the contempt proceeding. It is further argued that the purpose of this petition is not to correct an error or to object to the exercise of any discretion on the part of the respondent court; that its purpose is to compel that court to act in a matter in which it has no discretion; that that court, on the hearing of the motion for the entry of a judgment and for the issuance of an execution, had "only one choice", which was to determine the amount of the unpaid alimony and to order judgment and execution; and that it refused to act.

We are unable to see how the court could act in the contempt proceeding without first determining whether any indebtedness existed in favor of this petitioner. Whether or not the court's decision in that matter may be taken as *res judicata,* in view of the fact that that proceeding was semi-criminal in nature, there can be no doubt that the second hearing was purely a civil matter. ▉ This petitioner had applied for a money judgment and for an execution. Whether any judgment should be entered and, if so, the amount thereof were in issue. A determination of these issues necessarily involved the issue particularly raised as to whether any indebtedness existed in favor of this petitioner. The court received evidence and passed upon the issues thus presented. There was no refusal to act, as contended by petitioner, and the real purpose of this proceeding is to compel the respondent to act in a particular way. The matter before the respondent court necessarily involved an exercise of discretion and a weighing of the evidence presented. Under such circumstances it is well settled that the action of the court cannot be controlled by *mandamus.* (*Los Angeles A. T. Co.* v. *Superior Court,* 94 Cal. App. 433 [271 Pac. 363]; *California C. C. Corp.* v. *Superior Court,* 127 Cal. App. 472 [15 Pac. (2d) 1108]; *Thomas* v. *Superior Court,* 4 Cal. App. (2d) 356 [41 Pac. (2d) 220].)

The alternative writ is discharged and the petition for a peremptory writ is denied.

Marks, J., and Jennings, J., concurred.