[Civ. No. 41383. Second Dist., Div. One. Oct. 29, 1973.]

CONSTANCE M. MARGOTT, Plaintiff and Respondent, v.
GEM PROPERTIES, INC., et al., Defendants and Appellants.

## Counsel

Alton I. Leib for Defendants and Appellants.

Sull Lawrence for Plaintiff and Respondent.

## Opinion

**THOMPSON, J.**—(1)(See fn. 1.)  In this appeal from a judgment setting aside a sale under a deed of trust for fraud and awarding incidental, compensatory and punitive damages, appellants contend: (1) the award of compensatory damages is not supported by substantial evidence; (2) the award of punitive damages is excessive in view of the amount of compensatory damages allowed by the trial court; (3) the judgment lacks factual support because respondent failed to establish that she had tendered payment of the note secured by the deed of trust; (4) the trial court erred in denying appellants' motion to offset against the judgment amounts owed by respondent on an unrelated judgment acquired by appellants by assignment; and (5) the trial court erred in offsetting from respondent's judgment the unpaid balance owed to appellants by respondent on the note secured by the deed of trust.[1]

---

[1]The notice of appeal is from the judgment. Both appellants' and respondent's designations of record on appeal, however, refer to proceedings on a post-judgment motion to offset made by appellant. Respondent contends that attack upon the trial court's determination of that motion is not open on this appeal. Where, as here, respondent is not misled, the notice of appeal must be liberally construed. (*Luz* v.

■ We summarily reject appellants' contentions of lack of substantial evidence supporting the trial court's award of compensatory damages, excessive punitive damages, and failure of respondent to establish a tender of amounts due on the note secured by deed of trust. Appellants' opening brief contains no summary of material facts bearing on those issues as required by rule 13, California Rules of Court. Since each issue, including the relationship of the amount of punitive damages to the award of compensatory damages (see 2 Witkin, Summary of Cal. Law (7th ed. 1960) Torts, § 400, and cases there cited) involves a question of fact, appellants' omission prevents this court from considering the contentions unless we ourselves search the record for error. That we will not do. (*McKeon* v. *Santa Claus of California, Inc.,* 230 Cal.App.2d 359, 362 [41 Cal.Rptr. 43].)

■ Appellants' contentions with respect to error of the trial court in dealing with offsets against the judgment are, however, meritorious. At the conclusion of the trial, the court indicated its decision. It stated that it would find that respondent was obligated to appellants on a promissory note secured by a deed of trust on specified real property and that, at a time when approximately $7,700 was due upon the note, appellants, acting fraudulently, caused an illegal trustee's sale of the property and acquired respondent's interest in it. The court indicated that it would declare the trustee's sale void and award respondent compensatory damages of $100, punitive damages of $10,000, and attorneys' fees of $2,500. Before proposed findings of fact were submitted by respondent as required by the court, appellants gave "notice of motion to set off claim against judgment." Declarations filed in support of the motion establish that appellants had acquired by assignment for valuable consideration a valid enforceable judgment against respondent in the amount of $12,445.56. The declaration discloses the existence of other judgment and tax liens against respondent which apparently render the assigned judgment uncollectible. Respondent did not dispute the existence or validity of the assigned judgment or appellants' ownership of it. Instead, she filed a declaration of her counsel asserting that the amount respondent owed appellants on the note secured by deed of trust should be offset against the judgment to be rendered by the court. The declaration states also that, prior to the time that appellants acquired their interest in the assigned judgment which they sought to offset, respondent had entered into a contingent fee agreement with her counsel obligating her to pay him 40 percent of amounts received by her and

*Lopes,* 55 Cal.2d 54, 59-60 [10 Cal.Rptr. 161, 358 P.2d 289].) The intent of the notice may be ascertained from designation of the record. (*Bailey* v. *Simpson,* 215 Cal.App.2d 532, 535-536 [30 Cal.Rptr. 701].)

securing counsel's right to payment by a lien upon the cause of action and any judgment obtained by respondent.

Before the date set for hearing on the motion, respondent submitted proposed findings of fact and conclusions of law and a judgment incorporating the indicated findings and conclusions of the trial court. The proposed findings, conclusions and judgment set off against the amounts found owing to respondent because of appellants' fraud the amount due from respondent to appellants on the promissory note. On respondent's motion, a hearing on the proceeding initiated by appellants, which sought to establish their different offset, was continued. Prior to the new date set for hearing on that motion, the trial court signed and filed the proposed findings of fact and conclusions of law as submitted by respondent. It accordingly entered a judgment offsetting the amount due from respondent on the note. When appellants' motion to offset was heard, it was denied. The effect of the trial court rulings is to discharge respondent's secured obligation to appellants, leaving the latter with an unsecured and on the record apparently uncollectible judgment against respondent.

The record does not support the action of the trial court with respect to the offset. ■ Our Supreme Court has expressed the governing principle as: "[A] court of equity will compel a set-off when mutual demands are held under such circumstances that one of them should be applied against the other and only the balance recovered. The insolvency of the party against whom the relief is sought affords sufficient grounds for invoking this equitable principle. . . . And a judgment debtor who has, by assignment or otherwise, become the owner of a judgment or claim against his judgment creditor, may go into the court in which the judgment against him was rendered and have his judgment offset against the first judgment. . . ." (*Harrison* v. *Adams,* 20 Cal.2d 646, 648-649 [128 P.2d 9]; see also 5 Witkin, Cal. Procedure (2d ed. 1970) Enforcement of Judgment, § 212, and cases there cited.) Although it is commonly stated that the trial court has discretion in enforcing the right of offset, the discretion must be exercised within legal limits. Thus, unless the judgment creditor establishes the existence of facts supporting some equitable principle precluding it, offset is a matter of right (*Norman* v. *Berney,* 235 Cal.App.2d 424, 434 [45 Cal.Rptr. 467]), at least where the judgment creditor is insolvent. (*California C. C. Corp.* v. *Superior Court,* 127 Cal.App. 472, 474 [15 P.2d 1108], citing *Hobbs* v. *Duff,* 23 Cal. 596, 629; see also *Rolling Mill Co.* v. *Ore and Steel Co.,* 152 U.S. 596, 616 [38 L.Ed. 565, 572, 14 S.Ct. 710].)

■ Here the record compels the inference of insolvency of respondent judgment creditor. Here also the record is barren of facts justifying a denial

of appellants' right to offset their separate judgment claim on respondent against the judgment awarded respondent in the case at bench. Respondent argues that denial of the offset should be sustained because: (1) the secured note from respondent to appellants was due and hence properly offset prior to the assigned claim; (2) the judgment in the case at bench was assigned by respondent to respondent's attorney prior to the time appellants' motion to offset was denied; (3) the record supports the inference that appellants were assigned the judgment which they seek to offset for collection only and not as beneficial owners; (4) offset should not be allowed against punitive damages; and (5) a lien granted by respondent to her attorney to secure a contingent fee of 40 percent of all "amounts received by" respondent has priority over the offset. Those arguments lack merit.

Respondent's contention that the trial court at her request properly offset the indebtedness represented by her secured note to appellants, rather than the unsecured judgment against respondent as demanded by appellants, presents an issue on which counsel have been unable to supply us with direct authority and concerning which our own research has disclosed no square precedent. ■ Precedential expression of general rules, however, strongly indicates that it is the judgment debtor and not the judgment creditor who has the right to choose which of several claims possessed by the judgment debtor against the judgment creditor should be offset. Offset is expressed as a right of the judgment debtor. (See e.g. *Harrison* v. *Adams, supra,* 20 Cal.2d 646, 648-649; *Haskins* v. *Jordan,* 123 Cal. 157, 160 [55 P. 786]; *Hobbs* v. *Duff, supra,* 23 Cal. 596, 629; *Norman* v. *Berney, supra,* 235 Cal.App.2d 424, 434; *California C. C. Corp.* v. *Superior Court, supra,* 127 Cal.App. 472, 474.) Since it is his right, the judgment debtor may elect to exercise or to refrain from exercising it. Where he has several rights of offset, the judgment debtor may similarly elect which of them to exercise in a particular action. ■ Where, as here, he elects to proceed in a fashion which offsets an unsecured obligation of the judgment creditor against the judgment and which preserves to the judgment debtor his secured claim against the judgment creditor, that election cannot be disturbed by the trial court absent some equitable ground which precludes the election. No equitable ground appears in the record. Indeed, none could do so. The trial court allowed offset of the secured note at the request of respondent before it heard appellants' inextricably connected motion to offset the unsecured claim. That procedure barred the presentation of an evidentiary predicate for the trial court's action.

Nothing in the record supports respondent's contention that she assigned her interest in the judgment against appellants prior to the ruling on appellant's motion to offset. The assignment, if it in fact occurred, would

be ineffective for the purpose of defeating appellants' right. (*Harrison* v. *Adams, supra,* 20 Cal.2d 646, 649.)

Respondent's contention that the record supports an inference that appellants are not the beneficial owners of the judgment which they seek to offset relies upon a partial, out-of-context statement in the documents evidencing assignment of the judgment which were before the trial court. It omits language in those documents which conclusively establishes appellants' beneficial ownership.

■ The assertion that the trial court could properly deny offset to appellants on the basis that the judgment against them rendered in the case at bench included punitive damages is unsupported by legal argument or citation of authority. We see no merit in it. A judgment for punitive damages is no different than any other money judgment in the context of the right of the judgment debtor to offset. In effect, the judgment debtor satisfies the claim against him by discharging a separate claim he has against the judgment creditor. The offset is the equivalent of payment. If such is the case, the source of the satisfied judgment in actual or punitive damages is irrelevant. It is conceivable that unconscionable conduct leading to a judgment of punitive damages may be so related to the offset transaction as to raise an equitable defense to offset such as unclean hands. But the record here contains no such showing. The procedure utilized by the trial court in ruling on the claim for offset did not permit the issue of equitable defenses to the claim to be litigated, but rather resulted in a ruling before hearing.

■ Respondent's contention that offset is defeated by the lien of her attorney to secure his right to a contingent fee fails on the record here. Respondent's agreement with her attorney grants him a fee of 40 percent of "all amounts received by Client [respondent] in the event of trial." Since the offset to which appellants were entitled on the record which is now before us results in respondent receiving essentially nothing, no contingent fee was due. Any lien of respondent's counsel to secure his fee thus secures nothing that is owed (*Dalzell* v. *State Bar,* 6 Cal.2d 433, 438 [57 P.2d 1300]), and is ineffective to defeat appellant's right of offset. (See *Gostin* v. *State Farm Ins. Co.,* 224 Cal.App.2d 319, 325 [36 Cal.Rptr. 596].)

We thus conclude that the trial court erred in denying appellants' motion to offset the claim against respondent asserted by them and in substituting an offset of a different and secured claim as sought by respondent. Appellants have raised issues concerning the trial court's determination of the

priority of the lien for attorney's fees as against their claim of offset and concerning the failure of the court to allow interest on the secured note in determining how much was due from respondent to appellants by reason of that obligation. While it is conceivable that those issues will arise upon retrial, each involves a question which cannot be decided by us until a factual base is developed. We thus must leave the resolution of the questions raised to the trial court on remand.

The judgment is reversed. The matter is remanded to the trial court for retrial restricted to the question of appellants' right to offset.

Wood, P. J., and Hanson, J., concurred.

A petition for a rehearing was denied November 16, 1973, and respondent's petition for a hearing by the Supreme Court was denied December 27, 1973.