**Marilyn HOGREN, Appellant,**

v.

**Harry SCHLUETER, Respondent.**

**No. CX-84-516.**

Court of Appeals of Minnesota.

Oct. 9, 1984.

Michael T. Feichtinger, St. Cloud, for appellant.

Diane M. Carlson, Nicklaus, Monroe & Fahey, Chaska, for respondent.

Heard, considered, and decided by POPOVICH, C.J., and LESLIE and CRIPPEN, JJ.

## OPINION

LESLIE, Judge.

Plaintiff-appellant and defendant-respondent both brought suit by claim and counterclaim, each seeking compensatory and punitive damages. The jury found for each but awarded only punitive damages to the appellant and only compensatory damages to respondent. The court subsequently setoff the punitive damages against the compensatory damages and ordered judgment for the defendant for the difference. Appellant objects to the order setting off the punitive damages against the compensatory damages.

We affirm.

## FACTS

Appellant Hogren sued respondent Schlueter for assault. She sought both compensatory and punitive damages. Schlueter counterclaimed for compensatory and punitive damages alleging Hogren had set fire to his barn and had taken his car. The jury awarded $35,070.00 in compensatory damages to respondent but no punitive damages even though the jury found the appellant intentionally caused the fire and that her conduct was willful. The jury by special verdict awarded appellant $10,000 punitive damages notwithstanding their special verdict finding that the conduct of respondent was not a direct cause of any injuries sustained by appellant. Respondent has not challenged the punitive damage award.

The court setoff the damages and ordered judgment for respondent in the

amount of $25,070.00 plus costs and disbursements.

## ISSUE

When a jury awards plaintiff $10,000 in punitive damages and defendant $35,070 in compensatory damages, may the trial court offset the punitive damages against the compensatory damages and order judgment only for defendant?

## ANALYSIS

 Most jurisdictions setoff reciprocal damages awards. *See* 47 Am.Jur.2d *Judgments* §§ 999–1013 (1969); 121 ALR 478, 479 (1939). The rule is well established in common law. *Barnes v. Verry,* 154 Minn. 252, 191 N.W. 589 (1923). Its purpose is to speedily and effectively satisfy judgments, and "to avoid the unnecessary expense of issuing and levying executions in favor of the respective parties." *Martin County National Bank of Fairmont v. Bird,* 92 Minn. 110, 111–12, 99 N.W. 780, 781 (1904). Setoff is an equitable doctrine which courts may use at their discretion. *La Fleur v. Schiff,* 239 Minn. 206, 58 N.W.2d 320, 324 (1953). It should not be applied if injustice would result. *Lundberg v. Davidson,* 68 Minn. 328, 71 N.W. 395, 72 N.W. 71 (1897).

Plaintiff argues that setting off the compensatory and punitive damage awards is inequitable because the nature and purpose of the awards differ. She claims applying setoff will minimize the punishment meted out in the jury's verdict.

No Minnesota cases have addressed the use of setoff on reciprocal punitive and compensatory damage awards. Appellant cites one California case and two Washington cases to support her proposition that punitive and compensatory damage awards should not be offset. *Margott v. Gem Properties, Inc.,* 111 Cal.Rptr. 1, 34 Cal. App.3d 849 (1973); *Ventoza v. Anderson,* 14 Wash.App. 882, 545 P.2d 1219 (1976); *Rose v. Galbraith Motor Co.,* 51 Wash.2d 31, 314 P.2d 924 (1957). Of these cases only *Ventoza* refused setoff. The *Ventoza* court did so because it held the defendant

was not entitled to a compensatory award at all.

 We agree with language in *Margott.*

A judgment for punitive damages is no different than any other money judgment in the context of the right of the judgment debtor to offset. * * * It is conceivable that unconscionable conduct leading to a judgment of punitive damages may be so related to the offset transaction as to raise an equitable defense to offset such as unclean hands. But the record here contains no showing. *Margott v. Gem Properties, Inc.,* 111 Cal. Rptr. at 5, 34 Cal.App.3d at 856. While we do not have the benefit of a trial transcript, our review of the sparse record reveals no evidence to justify reversing the trial court.

## DECISION

We affirm the trial court's offset of the punitive damages awarded appellant against the compensatory damages awarded respondent and the order of judgment for respondent in the amount of $25,070.00.

Affirmed.