Filed 1/22/15

CERTIFIED FOR PARTIAL PUBLICATION[*]

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| McMILLIN COMPANIES, LLC, | D063586 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2009-00083837-CU-IC-CTL) |
| AMERICAN SAFETY INDEMNITY COMPANY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Judith F. Hayes and Lorna A. Alksne, Judges. Dismissed in part, reversed in part and remanded.

Wilson, Elser, Moskowitz, Edelman & Dicker, Gregory D. Hagen and John R. Clifford for Defendant and Appellant.

Law Offices of Greg J. Ryan and Greg J. Ryan for Plaintiffs and Appellants.

Morris Sullivan & Lemkul, Shawn D. Morris and Matthew J. Yarling as Amicus Curiae on behalf of Plaintiffs and Appellants.

---

[*]     Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of part I.

The parties cross-appeal from a final judgment of the superior court in an insurance coverage dispute between a general contractor (and, according to the general contractor, its related entities) and the commercial general liability insurer of one of its subcontractors. We will dismiss the appeal as to all parties other than the general contractor (McMillin Construction Services, L.P., dba McMillin Homes, a Corky McMillin Company (McMillin)) and the insurer (American Safety Indemnity Company (ASIC)) and will reverse the judgment and remand for further proceedings.

I.

MOTIONS IN THE CROSS-APPEALS

A.     *Lack of Record References in the Briefs*

Without full and complete record references in the parties' briefs, we have no independent obligation to search the record either to determine what happened in the trial court, to determine the accuracy of what the parties say happened, or to search for evidence. (*Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 738.) To the contrary, the party submitting a brief has the duty to support all arguments by appropriate record references to the underlying evidence and procedure related to each argument.[1] (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856; Cal. Rules of Court, rule 8.204(a)(1)(C).) Where a brief does not comply with this requirement, we

_____

[1]     For an accurate record reference to an assertion of fact, a party must cite to evidence, not merely to the same unsupported statement contained in the party's points and authorities in the trial court. Likewise, a citation to a separate statement is not a citation to evidence. (See *Stockinger v. Feather River Community College* (2003) 111 Cal.App.4th 1014, 1024-1025.)

2

have the option of either striking (*Chan v. Lund* (2010) 188 Cal.App.4th 1159, 1171, fn. 15) or "at a minimum" disregarding (*Liberty National Enterprises, L.P.* (2011) 194 Cal.App.4th 839, 846 (*Liberty*)) the unsupported assertions.

Having failed to provide complete record references, both McMillin and ASIC violated rule 8.204(a)(1)(C) of the California Rules of Court. Pursuant to this rule and *Liberty*, *supra*, 194 Cal.App.4th at page 846, we have disregarded representations of important facts or underlying procedure in *all* briefs that have not been supported by accurate record references.

McMillin filed two motions to strike or disregard specifically identified portions of ASIC's two briefs based on ASIC's arguable noncompliance with California Rules of Court, rule 8.204(a)(1)(C). ASIC filed oppositions that do not overcome most of McMillin's objections.[2] ASIC filed a motion to strike McMillin's December 2, 2014 letter brief for arguable noncompliance with rule 8.204(a)(1)(C). McMillin filed an opposition.[3] Given our ruling in the immediately preceding paragraph regarding lack of record references, we deny all relief requested under rule 8.204(a)(1)(C) on the ground those portions of the parties' motions are moot.

---

[2] We have not considered, and thus deny, ASIC's request for judicial notice in its opposition filed July 10, 2014, on the basis it was not presented in a separate motion, as required by rule 8.809(a) of the California Rules of Court.

[3] In the opposition, McMillin "move[s] and request[s]" that we "amend the case caption" to add certain parties. To the extent McMillin considers its request a motion, we deny it on procedural grounds for failing to comply with rule 8.54(a) of the California Rules of Court. For the reasons stated at footnote 4, *post*, we deny the request on substantive grounds.

B.    *ASIC's Cross-appellant's Reply Brief*

In its second motion, McMillin also asks that we strike or disregard specifically identified portions of ASIC's cross-appellant's reply brief on grounds other than California Rules of Court, rule 8.204(a)(1)(C).  Again, ASIC's opposition does not overcome most of McMillin's objections.  Thus, we grant the motion in part, disregarding the statements identified at parts VIII.A. ("ongoing operations" under the first policy), VIII.B. (other litigation between the parties) and VIII.D. (eight McMillin-related entities as "additional insureds" under the relevant subcontract) of the motion and deny the motion as to part VIII.C. (relating to the word "fabricate").

II.

ISSUES IN THE CROSS-APPEALS

A.    *The Entities*

McMillin was the general contractor and B&B Framing, Inc. (B&B) was the framing subcontractor in a series of construction contracts related to various residential real estate development projects in Temecula, Riverside County, California.

ASIC is a non-admitted insurance company that issued two policies of commercial general liability insurance to B&B:  policy No. XGI 02-2922-001, covering the time period January 18, 2002, to January 18, 2003; and policy No. XGI 03-2922-002, covering the time period January 18, 2003, to January 18, 2004.  Although both policies are alleged in the original and first three amended complaints in this action, the parties agree that only the first policy, No. XGI 2-2922-001 (Policy) is at issue.

4

B.      *The Construction Defect Litigation*

In October 2007, 117 homeowners in the Brookhaven, Castle Pines and Cypress Point projects (projects) filed an amended complaint in Riverside County Superior Court against McMillin and others, alleging construction defect claims related to the homeowners' residences in the projects (*Baker* litigation).

In December 2007, McMillin (and a number of its related entities named as defendants in the *Baker* litigation) tendered the defense of the *Baker* litigation to ASIC under the terms of both of the policies, contending it was an additional insured under the policies. Approximately six months later, ASIC denied the tender.

C.      *The Present Insurance Coverage Litigation*

1.      *The Complaint and Amended Complaints*

In February 2009, eight McMillin-related entities (but not McMillin) filed the underlying complaint against ASIC and 11 other insurance companies. The plaintiffs alleged that each of the defendants was an insurer to one or more of the subcontractors on the projects, that each of the plaintiffs was an additional insured under each of the respective policies, that each of the defendant insurers owed each of the plaintiffs a duty to defend the *Baker* litigation, and that by denying the tender of the defense of the *Baker* litigation each of the defendants breached a contract of insurance and its implied covenant of good faith and fair dealing.

In a first amended complaint filed in July 2010, McMillin and nine related entities named the same defendants as in the original complaint and alleged essentially the same facts and causes of action.

5

Two months later, in a second amended complaint (SAC), McMillin and two related entities (SAC plaintiffs) named the same defendants as in the first two complaints and alleged essentially the same facts and causes of action.

In November 2011 McMillin, as the sole plaintiff, filed a third amended complaint (TAC) against ASIC, as the sole defendant, alleging essentially the same facts and causes of action as in the prior three complaints.[4] This was *after* the denial of ASIC's motion

---

4  Over the course of the litigation, there have been at least 12 named plaintiffs in various combinations in the original and three amended complaints. The judgment identifies three plaintiff insureds, referring to their "amended complaint"; and McMillan's notice of appeal and most of both sides' appellate briefing refer to the plaintiffs/appellants in the plural, identifying them differently in different documents. However, the TAC — i.e., the operative complaint when the court granted the dispositive motions and when the court entered judgment — identifies the *only* plaintiff as "McMillin Construction Services, L.P. dba McMillin Homes a Corky McMillin Company." This is the entity defined as "McMillin" in the opening paragraph of this opinion, *ante*.

We asked the parties for Government Code section 68081 supplemental briefing in order to determine for purposes of appellate jurisdiction which of the allegedly insured entities is "aggrieved" by the judgment and thus has standing to appeal. (Code Civ. Proc., § 902.) ASIC responded, identifying only McMillin. McMillin responded, identifying: "McMillin Construction Services, L.P., by way of its real party in interest, McMillin Homes Construction, Inc., and McMillin Companies, LLC." In order to explain the identified entities, McMillin's response included three paragraphs describing various companies' corporate relationship with each other — including conversions, mergers and stock ownership. This description was unaccompanied by any record references or evidence.

"The amended complaint furnishes the sole basis for the cause of action, and the [prior] complaint ceases to have any effect either as a pleading or as a basis for judgment." (*State Comp. Ins. Fund v. Superior Court* (2010) 184 Cal.App.4th 1124, 1131.) An entity that was a party but ceased to be a party prior to entry of judgment ordinarily has no appellate standing. (*Bates v. John Deere Co.* (1983) 148 Cal.App.3d 40, 53 [plaintiff-in-intervention that voluntarily dismissed complaint on eve of trial not an "aggrieved" party for purposes of appellate standing].)

Accordingly, we hereby dismiss all appellants *other than* McMillin Construction Services, L.P., dba McMillin Homes, a Corky McMillin Company, the sole plaintiff in the TAC. We express no opinion as to the effect of this dismissal on the underlying

6

for summary judgment, the settlements with all defendants except ASIC, and the filing of the parties' pretrial motions in limine, but *before* the rulings on the in limine motions — all discussed *post*.

2.    *ASIC's Motion for Summary Judgment*

In January 2011, ASIC filed a motion for summary judgment directed to the then-operative SAC. ASIC argued that all three causes of action — declaratory relief, breach of contract and breach of the implied covenant of good faith and fair dealing — failed as a matter of law on the following independent grounds: (1) none of the SAC plaintiffs qualified as an "additional insured" under the terms of the Policy; (2) the Policy only covered B&B's "ongoing operations," which ASIC contended had ceased prior to the occurrences alleged in the *Baker* litigation; (3) the Policy only covered liability arising out of B&B's negligence; (4) the Policy's exclusion j.(5) precluded coverage; and (5) the Policy's exclusion j.(6) precluded coverage.[5] We will discuss the substance of the specific arguments, as necessary, in the Discussion, *post*.

The SAC plaintiffs opposed the motion, ASIC replied to the opposition, and the court issued a tentative ruling and entertained lengthy oral argument.

---

judgment or orders preceding it, other than to note that once this opinion becomes final, the judgment will be reversed.

[5] The motion was also directed to the SAC's claims under ASIC's second policy, No. XGI 03-2922-002. In their opposition to the motion, the SAC plaintiffs agreed that ASIC's second policy did not provide a potential for coverage of the claims in the *Baker* litigation. Accordingly, there is no need for ASIC to have argued in its cross-appeal — and, indeed, we have not considered — whether any of the SAC plaintiffs was entitled to insurance benefits under the second policy.

7

By minute order filed July 29, 2011, the court denied ASIC's motion, ruling in relevant part: (1) ASIC met its initial burden of establishing that there is not an "additional insured endorsement" on the Policy expressly identifying any of the SAC plaintiffs; (2) the SAC plaintiffs then did not meet their burden of raising a triable issue of material fact as to the absence of an effective "additional insured endorsement" identifying any of the SAC plaintiffs; but (3) the applicable " 'blanket' additional insured endorsement" contained in the Policy provided benefits in circumstances that ASIC did not disprove as a matter of law.

3.     *The Settlements*

During the time period May 2010 through October 2011, the SAC plaintiffs settled their claims in the coverage action with all the defendants except ASIC (Settlement). Of the total $690,154 in Settlement proceeds, the Settlement documentation affirmatively allocated $274,154 to defense expenses from the *Baker* litigation, and $416,000 was unallocated.[6]

---

6     For all dollar amounts in this opinion, we have used whole numbers, usually rounding off to the nearest dollar. Importantly, however, because we will be reversing the judgment and remanding the matter for further proceedings, our recitation of the dollar amounts merely reflects what the parties have represented the amounts to be — at times without satisfactory record references or explanations of calculations. We have not verified the calculations, and on remand neither the parties nor the court should accept our recitation as findings or an affirmance of findings; i.e., on remand, the parties must prove the dollar amounts to the satisfaction of the trier of fact without relying on the amounts recited in this opinion.

4.    *The Motions in Limine*

In October 2011, in anticipation of trial, the parties filed motions in limine. One dealt with ASIC's alleged duty to defend, and two dealt with the effect of the Settlement proceeds on the SAC plaintiffs' alleged damages.

With regard to the duty to defend, the SAC plaintiffs filed a motion to exclude testimony and argument disputing that ASIC had a duty to defend the *Baker* litigation. With regard to the Settlement proceeds, the SAC plaintiffs filed a motion to exclude evidence or argument about the Settlement (or any of its details); and ASIC filed a motion to preclude McMillin from arguing either (a) that the Settlement proceeds *are not* offsets to McMillin's alleged damages for breach of the duty to defend (breach of contract claim) or (b) that the Settlement proceeds *are* allocated to McMillin's alleged damages for breach of the implied covenant of good faith and fair dealing (tort claim). By the time the motions were fully briefed and decided, the operative complaint was the TAC filed by McMillin. Since McMillin was the only plaintiff at the time the court ruled on the motions, we will refer only to McMillin unless context requires otherwise.

a.    *Duty to Defend*

Relying on *Horace Mann Ins. Co. v. Barbara B.* (1993) 4 Cal.4th 1076, 1078 (*Horace Mann*), and *Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287, 301 (*Montrose*), McMillin argued that the denial of ASIC's motion for summary judgment established as a matter of law that ASIC had a duty to defend them in the *Baker* litigation. Opposing the motion, ASIC disputed the legal effect of the denial of its summary judgment motion, contending that because the court did not deny the motion by

9

expressly finding a disputed factual issue, the effect of the ruling did not establish the duty to defend as a matter of law.

In denying summary judgment, the court (Judge Nevitt) had ruled that, with regard to four allegedly undisputed issues, "ASIC has not met its initial burden of proof." During the in limine proceedings, ASIC argued that the court (Judge Alksne) could not consider the denial of the summary judgment, relying in part on Judge Nevitt's following comments at the conclusion of the hearing in which he denied ASIC's motion:

> "However, I remind counsel that this ruling is of no evidentiary value later.  I don't know what other evidence may be presented to the Court when these issues are next presented.  Whether foundations may have been laid for things, not laid here, and so forth.  And so should this issue come before the Court again under different circumstances and with potentially different evidence, you should not necessarily count on the same result."

Considering both Judge Nevitt's comment and the written order, Judge Alksne explained at the in limine hearing that ASIC's failure to meet its initial burden in its summary judgment motion was a decision that there *was* a disputed issue of material fact as to coverage, and that such a disputed issue established the duty to defend.  The court's minute order granted the motion to exclude testimony and argument disputing that ASIC had a duty to defend the *Baker* litigation.

b.    *Offset*[7]

Both motions sought pretrial rulings as to whether the court would allow evidence of the Settlement and, more specifically, whether the parties could present evidence or argument as to the application of the Settlement proceeds as an offset to the alleged damages.[8]  McMillin's alleged damages were limited to:  contract damages for breach of ASIC's duty to defend (consisting of McMillin's unreimbursed defense expenses from the *Baker* litigation (*Baker* fees)[9]); and tort damages for breach of the implied covenant of good faith and fair dealing (consisting of McMillin's attorney fees and costs incurred to compel payment from ASIC of insurance benefits under the Policy (*Brandt* fees)[10]).

---

[7]    We will use the word "offset," although we do not differentiate between the words "offset" and "setoff" in the various authorities cited.  (See *Dillingham Construction, N.A., Inc. v. Nadel Partnership, Inc.* (1998) 64 Cal.App.4th 264, 278.)

[8]    There were at least three rounds of briefing and two oral argument hearings.  The parties' arguments developed as the briefing continued.

[9]    McMillin contends its *Baker* fees are $334,620, whereas ASIC suggests the *Baker* fees are limited to those incurred *after* tender of the defense of the *Baker* litigation — $309,957.  This is not an issue in the appeal, and we express no opinion.  For purposes of this opinion only (see fn. 6, *ante*), we will assume McMillin is alleging its contract damages — namely, the amount of *Baker* fees — to be $309,957.

[10]    In *Brandt v. Superior Court* (1985) 37 Cal.3d 813 (*Brandt*), our Supreme Court ruled that an insured that is able to prove breach of the implied covenant of good faith and fair dealing may recover as damages its reasonable attorney fees incurred in obtaining the policy benefits wrongfully denied.  (*Id.* at p. 817; see *Essex Ins. Co. v. Five Star Dye House, Inc.* (2006) 38 Cal.4th 1252, 1257-1258.)  The parties agree that McMillin contends the *Brandt* fees total $87,762.

11

In its motion in limine, McMillin principally argued in the alternative: (1) all evidence of the Settlement was inadmissible under the collateral source rule;[11] or (2) where the Settlement agreements with the settling insurers did not expressly allocate their Settlement payments either to unreimbursed defense expenses in the *Baker* litigation (after Settlement, $416,000)[12] or to consideration for the settlement of the coverage action, ASIC should not be allowed unilaterally to allocate those proceeds to *Baker* fees. ASIC responded: (1) the collateral source rule was inapplicable, since it affects only tort, not contract, claims, and McMillin's principal claim here was breach of contract; and (2) application of *Emerald Bay Community Assn. v. Golden Eagle Ins. Corp.* (2005) 130 Cal.App.4th 1078 (*Emerald Bay*) required the court to offset all Settlement proceeds (whether allocated or unallocated) from McMillin's alleged damages in order to preclude McMillin from recovering more in contract damages than it actually suffered.[13]

---

[11]    The collateral source rule "precludes deduction of compensation the plaintiff has received from sources independent of the tortfeasor from damages the plaintiff 'would otherwise collect from the tortfeasor.' " (*Howell v. Hamilton Meats & Provisions, Inc.* (2011) 52 Cal.4th 541, 548.)

[12]    Notably, $274,154 of the Settlement proceeds is expressly allocated in the Settlement documentation to McMillin's defense of the *Baker* litigation — which leaves $416,000 unallocated ($690,154 - $274,154). The $309,957 in *Baker* fees, claimed as contract damages by McMillin, includes full credit for the specifically allocated Settlement proceeds ($274,154).

[13]    In relevant part, as discussed in the text *post*, *Emerald Bay* held that, where one insurer provided the insured with a complete defense at all times, the insured " 'suffered no cognizable damages' " in its claims both for breach of contract and for breach of the implied covenant of good faith and fair dealing. (130 Cal.App.4th at pp. 1087-1096.)

In its motion in limine, ASIC affirmatively sought the relief it argued in opposition to McMillin's motion. Again relying on *Emerald Bay* (see fn. 13, *ante*), ASIC attempted to establish that McMillin suffered no contract damages. Given that McMillin had, in fact, incurred unreimbursed defense expenses during the *Baker* litigation (i.e., *Baker* fees), the only way for ASIC to prove its point was to have the trial court apply the equitable doctrine of offset, such that each dollar of Settlement proceeds offset each dollar of *Baker* fees.[14] More specifically, ASIC argued that because McMillin had recovered more in Settlement proceeds than its *Baker* fees, McMillin could no longer prove an essential element of its cause of action for breach of contract — namely, damages. From there ASIC reasoned that, without the ability to recover for breach of contract, as a matter of law McMillin could not prove an essential element of its cause of action for breach of the implied covenant of good faith and fair dealing — namely, breach of the insurance contract.

In opposition to ASIC's motion, McMillin argued that, of the total Settlement proceeds ($690,154), only $274,154 had been allocated specifically to settle the contract claim, leaving $416,000 in unallocated Settlement proceeds; that McMillin still had unreimbursed defense expenses from the *Baker* litigation of $309,957; and that ASIC could not arbitrarily and unilaterally allocate the $416,000 to *Baker* fees.

---

14    ASIC contended: "[W]hatever [S]ettlement amounts [the SAC p]laintiffs recover . . . from other insurance carriers should be applied to *equitably reduce the damages* that they can seek against [ASIC], as was done in *Emerald Bay* . . . ." (Italics added.)

13

At a hearing on August 1, 2012, Judge Alksne orally ruled that the court would allow evidence of the Settlement at trial.[15] Following many rounds of briefing and oral argument hearings, Judge Alksne took under submission the in limine motions regarding the Settlement. In a minute order filed in October 2012, the court granted ASIC's motion in limine without further explanation, thereby ruling that McMillin would be precluded from presenting evidence or argument that the Settlement proceeds either *are not* offsets to the *Baker* fees (McMillin's contract damages) or *are* allocated to the *Brandt* fee (McMillin's tort damages).[16] In so doing, Judge Alksne necessarily allocated at least $309,957 of the previously unallocated Settlement proceeds ($416,000) to McMillin's breach of contract cause of action against the settling insurers, completely offsetting McMillin's contract damages (i.e., *Baker* fees) by Settlement proceeds.

5. *The Judgment*

The parties agreed that the effect of the rulings in the in limine motions — namely, that although ASIC had breached its duty to defend, the Settlement proceeds ($690,154)

---

15      Presumably, this ruling was the denial of the SAC plaintiffs' motion in limine No. 2. However, the August 1, 2012 minute order indicates a ruling that does not appear in the reporter's transcript, and the clerk's transcript does not contain a ruling on the SAC plaintiffs' motion in limine. From our review of the record, we are satisfied the reporter's transcript is correct, and the minute order is not. (See *In re P.A.* (2012) 211 Cal.App.4th 23, 30, fn. 4 ["We rely on the reporter's transcript based on the rule that '[c]onflicts between the reporter's and clerk's transcripts are generally presumed to be clerical in nature and are resolved in favor of the reporter's transcript unless the particular circumstances dictate otherwise.' "].)

16      The record on appeal does not contain a ruling on McMillin's motion in limine regarding evidence of the Settlement. Given Judge Alksne's ruling on ASIC's in limine motion, we can infer the court also denied McMillin's related motion.

14

would be applied as an offset to McMillin's *Baker* fees ($309,957) — was that McMillin could not prove any contract damages, and without contract damages, McMillin could not maintain a cause of action for breach of the implied covenant of good faith and fair dealing. The parties further agreed that, based on the effect of the rulings, judgment could be entered in favor of ASIC — with all parties reserving their rights to appeal.

The court entered judgment, and ASIC gave notice of its entry on March 5, 2013. McMillin timely appealed, and ASIC timely cross-appealed.

III.

DISCUSSION

As we explain *post*, the trial court erred in granting McMillin's motion in limine to preclude evidence or argument that disputed ASIC's duty to defend; the trial court erred in granting ASIC's motion in limine to preclude McMillin from presenting evidence or argument either that the Settlement proceeds are not an offset to McMillin's *Baker* fees or that the Settlement proceeds are allocated to *Brandt* fees; and we are unable to affirm that portion of the judgment in favor of ASIC on McMillin's cause of action for breach of the implied covenant of good faith and fair dealing.

A. *The Trial Court Erred in Granting the Motions in Limine*

1. *Introduction and Standard of Review*

Motions in limine are designed to facilitate management of a case by deciding difficult evidentiary issues in advance of trial. (*Amtower v. Photon Dynamics, Inc.* (2008) 158 Cal.App.4th 1582, 1593 (*Amtower*); see Super. Ct. San Diego County, Local Rules, rule 2.1.18 ["Motions in limine must be limited in scope in accordance with

15

*Clemens v. American Warranty Corp.* (1978) 193 Cal.App.3d 444, 451: e.g., evidentiary issues where attempts to 'unring the bell' would be unduly prejudicial or futile."].)

Although trial courts may exercise their inherent powers to permit other uses of motions in limine (*Amtower*, at p. 1595; *Coshow v. City of Escondido* (2005) 132 Cal.App.4th 687, 701-702 [proper exercise of "inherent powers" by construing motions in limine as a motion for judgment on the pleadings]), when used in such fashion they become substitutes for dispositive statutory motions (*Amtower*, at p. 1594).

Like many evidentiary rulings, orders on motions in limine are generally reviewed for abuse of discretion. (*Piedra v. Dugan* (2004) 123 Cal.App.4th 1483, 1493.) However, as we explain *post*, that standard does not apply where (as here) the grant of the motion becomes a substitute for a summary adjudication or nonsuit motion, which requires a ruling as a matter of law in the first instance and de novo review on appeal.

By granting McMillin's motion as to the duty to defend, the court essentially granted a summary adjudication motion in favor of McMillin on one of the elements of its cause of action for breach of contract, ruling as a matter of law that ASIC had a duty to defend. (See Code Civ. Proc., § 437c, subd. (f)(1) ["party may move for summary adjudication as to . . . one or more issues of duty"].) For this reason, we will review de novo the order granting McMillin's in limine motion. (*Lomes v. Hartford Financial Services Group, Inc.* (2001) 88 Cal.App.4th 127, 131 ["the appellate court independently reviews an order granting summary adjudication of the duty to defend"].)

Similarly, by granting ASIC's motion as to offset, the court essentially granted "a motion for nonsuit after [McMillin's] opening statement" in favor of ASIC on McMillin's

16

causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing — all resulting from ASIC's alleged breach of the duty to defend.[17] (*Amtower*, *supra*, 158 Cal.App.4th at pp. 1594, 1595; see *Edwards v. Centex Real Estate Corp.* (1997) 53 Cal.App.4th 15, 27 (*Edwards*) [where the grant of defendant's motion in limine precludes plaintiff from presenting *all* evidence on an issue at trial, the effect is "the functional equivalent of an order sustaining a demurrer to the evidence, or nonsuit"].) Accordingly, like the trial court in ruling on a motion for nonsuit, "on this appeal we must view the evidence most favorably to [McMillin], resolving all presumptions, inferences and doubts in [its] favor, and uphold the judgment for [ASIC] only if it was required as a matter of law" (*Edwards*, at p. 28), recognizing that "the grant of such a motion is not favored" (*Amtower*, at p. 1595). Since this determination raises only an issue of law, we review the order de novo. (*M&F Fishing, Inc. v. Sea-Pac Ins. Managers, Inc.* (2012) 202 Cal.App.4th 1509, 1532.)

2. *Duty to Defend*

An insurer owes a duty to defend any lawsuit "which *potentially* seeks damages within the coverage of the policy." (*Gray v. Zurich Insurance Co.* (1966) 65 Cal.2d 263, 275.) Since the duty arises whenever the claim against the insured seeks damages on any

---

17     The parties recognized the effect of the ruling on ASIC's in limine motion in their stipulation to enter judgment: After offsetting the amount of *Baker* fees by the amount of Settlement proceeds: (1) McMillin could not prove contract damages, an essential element of its contract claim (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1388); and (2) without a breach of the insurance contract, McMillin could not prove an essential element of its related tort claim (see *California Shoppers, Inc. v. Royal Globe Ins. Co.* (1985) 175 Cal.App.3d 1, 54).

theory that, if proved, would be covered by the policy, the insurer is relieved of its duty only when " 'the third party complaint *can by no conceivable theory raise a single issue which could bring it within the policy coverage*.' " (*Montrose*, *supra*, 6 Cal.4th at p. 300.) Thus, where the insurer moves for summary judgment based on the lack of a duty to defend, the insurer must present undisputed facts that establish "*the absence of any such potential*" for coverage.[18] (*Id.* at p. 300.) In so doing, if coverage depends on an unresolved dispute over a *factual* question, the very existence of that dispute would not only result in a denial of the motion, but also establish a possibility of coverage and thus a duty to defend. (*Horace Mann*, *supra*, 4 Cal.4th at p. 1085.)

In its cross-appeal, ASIC's principal argument is that Judge Alksne erred when she ruled that, based on Judge Nevitt's denial of ASIC's motion for summary judgment, ASIC was precluded from presenting evidence or argument disputing that ASIC owed the SAC plaintiffs a duty to defend the *Baker* litigation.[19] Although Judge Alksne's minute order merely granted, without explanation, McMillin's motion in limine, Judge Nevitt's minute order denying ASIC's summary judgment motion explained:

---

18    That is because while "the insured need only show that the underlying claim *may* fall within policy coverage[,] the insurer must prove it *cannot*." (*Montrose*, *supra*, 6 Cal.4th at p. 300.) For an insurer to succeed on a motion for summary adjudication on the duty to defend, the insurer must be able to negate coverage as a matter of law. (*Maryland Casualty Co. v. National American Ins. Co.* (1996) 48 Cal.App.4th 1822, 1832.)

19    ASIC does not argue on appeal that Judge Nevitt erred in denying its motion for summary judgment.

18

" 'Undisputed issue' 7 concerns ASIC's contention that there is *not* an 'additional insured endorsement on the policies which *specifically identifies* any of the [SAC p]laintiffs' [citation]. [The SAC p]laintiffs appear to agree with ASIC . . . . Therefore, ASIC has met its initial burden of proof, and [the SAC] plaintiffs have not raised a triable issue of material fact as to the absence of an effective additional insured endorsement specifically naming [the SAC] plaintiffs (or any of them) as an additional insured. However, this is not dispositive.

"ASIC acknowledges that there is a ' "blanket" additional insured endorsement' (AIE) . . . . The AIE includes an Amendment limiting coverage. ASIC's 'undisputed issues' 1, 2, 5 and 6 are based on provisions of this Amendment. ASIC contends that the underlying action [citation] does not involve, or potentially involve, '[*o*]*ngoing operations* performed by the Named Insured [B&B Framing] on or after the effective date [of] this endorsement,' '[l]iability arising out of or relating to the Named Insured's *sole negligence*,' or ' "bodily injury" or "property damage" caused by an "occurrence" under Coverage A *not otherwise excluded* in the policy to which the Endorsement applies.' (AIE's Amendment, emphasis added.) *ASIC's arguments are not persuasive as to any of these four 'undisputed issues,' i.e., ASIC has not met its initial burden of proof*." (Last italics added.)

We focus on the last statement that "ASIC has not met its initial burden of proof."[20]

*Horace Mann* instructs: Where "factual issues exist precluding summary judgment in the insurer's favor . . . , the duty to defend is then *established*, absent additional evidence bearing on the issue." (*Horace Mann*, *supra*, 4 Cal.4th at p. 1085.) Given this language, ASIC contends that, because Judge Nevitt denied ASIC's motion on

---

[20]    The moving party bears the initial burden of production to make a prima facie showing that there are no triable issues of material fact. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) *Only if* the moving party carries its initial burden is the opposing party then subject to its own burden of production to make a prima facie showing that a triable issue of material fact exists. (*Ibid.*)

the basis ASIC "has not met its initial burden" — *not* because factual issues existed — the duty to defend was not established as a matter of law. McMillin's response is that under the "doctrine of implied findings," Judge Nevitt's denial of ASIC's motion *necessarily* found that the SAC plaintiffs were additional insureds under the "blanket additional insured endorsement."[21] We agree with ASIC. The reason for the above-quoted language in *Horace Mann* is that, "[i]f coverage depends on an unresolved dispute over a *factual* question, the very existence of that dispute would establish a possibility of coverage and thus a duty to defend." (*Mirpad, LLC v. California Ins. Guarantee Assn.* (2005) 132 Cal.App.4th 1058, 1068 (*Mirpad*).) Here, however, Judge Nevitt's summary judgment ruling did not find a *factual* dispute that necessarily established a possibility of coverage. Rather, the ruling established *only* that ASIC did not meet its initial burden of production to make a prima facie showing that there are no triable issues of material fact. As further support for this position, we note that Judge Nevitt did not "specify one or more material facts raised by the motion" — a requirement when the court denies the

---

21      We are unaware of how the doctrine of implied findings applies in this instance, and McMillin does not provide any authority for its position. (ASIC also relies on this doctrine in support of its position on a different issue in its cross-appeal; and likewise, ASIC does not provide authority for application of this doctrine.) The doctrine of implied findings provides that, if the parties in a *civil court trial* waive a statement of decision, then on appeal the appellate court will presume that the trial court made all factual findings necessary to support the judgment for which substantial evidence exists in the record; i.e., the necessary findings of ultimate facts will be implied, and the only issue on appeal is whether the implied findings are supported by substantial evidence. (*Michael U. v. Jamie B.* (1985) 39 Cal.3d 787, 792-793.) In civil cases, statements of decision generally are not required after a ruling on a motion. (*Mechanical Contractors Assn. v. Greater Bay Area Assn.* (1998) 66 Cal.App.4th 672, 678; see Code Civ. Proc., § 632 [statement of decision required only after a bench trial, upon timely request].)

motion "on the ground that there is a triable issue as to one or more material facts."

(Code Civ. Proc., § 437c, subd. (g).)[22]

Judge Alksne's statement from the bench indicates a possible source of misunderstanding. In granting McMillin's motion in limine as to the duty to defend, she explained to ASIC's counsel: "[Judge Nevitt's] written order says . . . that you [ASIC] didn't meet your burden of proof. And the case law says [if] you don't meet your burden of proof, [then] you" have "a duty to defend." However, as we clarified *ante*, in order for the denial of an insurer's motion for summary judgment to establish a duty to defend, the denial must be based on "an unresolved dispute over a *factual* question," because only that type of dispute "establish[es] a possibility of coverage and thus a duty to defend." (*Mirpad*, *supra*, 132 Cal.App.4th at p. 1068; see *Horace Mann*, *supra*, 4 Cal.4th at p. 1085.) Denying a summary judgment motion because the moving party failed to meet its initial burden of production is not the same as denying the motion based on an unresolved factual dispute.

Accordingly, the trial court erred in ruling *prior to trial* that ASIC was precluded from presenting evidence or argument that disputed whether ASIC had a duty to defend the SAC plaintiffs in the *Baker* litigation.[23] In making such a ruling in limine, the trial

---

22    "Upon the denial of a motion for summary judgment, on the ground that there is a triable issue as to one or more material facts, the court shall, by written or oral order, specify one or more material facts raised by the motion as to which the court has determined there exists a triable controversy. . . ." (Code Civ. Proc., § 437c, subd. (g).)

23    Because the parties dispute the burden of proof on the duty to defend, we provide the following guidance in the event the case goes to trial following remand. McMillin, as

court essentially granted summary adjudication as to the breach of ASIC's alleged duty to defend without requiring the statutory procedural protections associated with summary judgment proceedings, thereby not requiring McMillin to prove its case and not allowing ASIC to defend McMillin's proof.

3.      *Offset*

McMillin contends the court erred in ruling that McMillin was precluded from arguing or presenting evidence either that the Settlement proceeds are not offsets to the contract damages or that the Settlement proceeds are allocated to settling the tort (as opposed to contract) cause of action.  We agree, but not for the same reasons suggested by McMillin.  As we will explain *post*, because of procedural context of the requested relief (in limine proceedings) and the standard of review (de novo), on this record ASIC was not entitled to an offset based on equitable principles at this stage of the litigation.

---

the alleged insured, has the burden of proving both the existence of the Policy and its material terms. (*Searle v. Allstate Life Ins. Co.* (1985) 38 Cal.3d 425, 438.)  Since McMillin's contract claim is based on an alleged breach of the duty to defend the *Baker* litigation, proof of actual coverage is not required; rather, McMillin's burden is to present only a prima facie case of entitlement to a defense by showing that the claims in the *Baker* litigation *potentially* fall within the insuring provisions of the Policy. (*Montrose*, *supra*, 6 Cal.4th at pp. 300, 304; 2 Croskey et al., Cal. Practice Guide: Ins. Litigation (The Rutter Group 2014) ¶ 7:571.6, p. 7B-26.)  The burden then shifts to ASIC to show *conclusively* that the claims alleged in the *Baker* litigation were not covered under the Policy. (*Mostrose*, at pp. 300, 304; Croskey et al., *supra*, at ¶ 7:571.7, p. 7B-26.)  If ASIC carries its burden by the application of an exclusion in the Policy, then McMillin has the burden of establishing an exception to the exclusion. (*Aydin Corp. v. First State Ins. Co.* (1998) 18 Cal.4th 1183, 1188 [duty to indemnify, though same standard applies to duty to defend]; Croskey et al., *supra*, at ¶ 7:571.6, p. 7B-26.)

22

a.      *Offset as an Affirmative Defense*

Based on inconsistencies in the record and appellate briefing, we requested and received Government Code section 68081 supplemental briefing on the issue whether ASIC was asserting offset as an affirmative defense.  (See Code Civ. Proc., §  431.70.) We received responses from both McMillin and ASIC, and they are in agreement: ASIC's claim of offset at issue in this appeal is not being asserted or defended as an affirmative defense.

While that answer satisfies our inquiry, we note the parties' lack of clarity in their appellate briefing regarding the basis of ASIC's requested application of offset and the related burden of proof, especially in light of the parties' express arguments in the trial court regarding the affirmative defense of offset and the parties' citations to and reliance on authorities in their appellate briefing applicable to the affirmative defense of offset.

b.      *Offset as Equitable Relief*

From the parties' presentations throughout this case, we perceive a basic misunderstanding as to the effect of the type of equitable offset ASIC is asserting.  Both ASIC and McMillin treat the entire Settlement proceeds ($690,154) as potential offsets *to damages*.  The Settlement proceeds do not affect McMillin's *damages*.  Rather, in the event of an award of damages at trial, Settlement proceeds that are found to be offsets by the trial court[24] affect only McMillin's right to *recover* the full amount of damages

---

24      We agree with the parties that the court, not the jury, decides whether to allow, and if so the amount of, any offset.  (*Prudential Reinsurance Co. v. Superior Court* (1992) 3 Cal.4th 1118, 1151 [general principles of equity govern offset].)

23

awarded at trial.  (See *Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1338 [in the context of determining the prevailing party for purposes of awarding costs, settlement offsets affect whether a party has a " 'net monetary recovery' "].)  If we assume (solely for the purpose of this illustration) that ASIC breached its duty to defend, "the proper measure of damages is the reasonable attorneys' fees and costs incurred by [McMillin] in defense of the [*Baker* litigation]."  (*Marie Y. v. General Star Indemnity Co.* (2003) 110 Cal.App.4th 928, 961 (*Marie Y.*); see *Hogan v. Midland National Ins. Co*. (1970) 3 Cal.3d 553, 564 [same, even where no duty to indemnify].)  In the context of this record, that means *all* attorney fees and costs McMillin incurred *other than those that were paid by insurer(s) that accepted the tender of, and participated in, the defense of the* Baker *litigation*.  The significance of this distinction — namely, that an offset affects the right to *recover damages*, not the *amount of damages suffered* — is that McMillin should be allowed to present at trial evidence of the contract damages it suffered; and if the trier of fact awards contract damages and finds support for the other elements of McMillin's claim for breach of the implied covenant of good faith and fair dealing, then McMillin may also recover tort damages, subject to proof (and the potential posttrial request for offset to reduce McMillin's recovery).  The fact that the 11 other insurer defendants settled with McMillin should not, and does not, affect whether ASIC breached the duty to defend or the implied covenant of good faith and fair dealing.  At best, the Settlement proceeds from the other 11 insurers may reduce (by way of offset) the amount ASIC ultimately owes McMillin for contract or tort damages.

24

In our Government Code section 68081 letter, we indicated an intent to treat Judge Alksne's ruling on the motion in limine as a ruling on a motion for nonsuit, inquiring if the result would be different depending on whether ASIC had asserted its right to offset as an affirmative defense or as an equitable claim. McMillin responded that the result would be the same, repeating its request for a reversal.

Rather than responding to the question presented, ASIC argued that its motion in limine was not really a motion in limine; "it is better understood as a shifting of the order of proof." According to ASIC, "the parties stipulated that the court was to make certain damage determinations before presenting the remainder of the case." ASIC described its understanding of the stipulated procedure as follows:

> "The setoff issue was thus *decided by the trier of fact* (stipulated to be the trial judge who usually addresses third party payments post trial) following the presentation of the evidence — the only difference being that Judge Alksne made the same factual and legal determinations at the start of trial that she would have made after trial."

From this description of the procedure, ASIC argued that because the parties presented evidence in support of their respective positions, some of which Judge Alksne credited and applied as an offset to damages, McMillin is not entitled to the presumptions, inferences and doubts that benefit an appellant in an appeal from the grant of a nonsuit after opening statement, as we suggested in our Government Code section 68081 letter.[25]

---

[25]    ASIC's position on the standard of review is not clear. In its respondent's brief, ASIC suggested an abuse of discretion standard of review for application of an offset, citing *Margott v. Gem Properties, Inc.* (1973) 34 Cal.App.3d 849, 854. In *Margott*, however, the denial of the offset that was reviewed for an abuse of discretion was an

Finally, ASIC repeated its principal (already briefed) contention that, because *Emerald Bay* is factually and legally indistinguishable from the present case, the trial court correctly ruled as it did, and we have no choice but to affirm based on the standards of review suggested by ASIC.

We disagree with ASIC's representation of the scope of the proceedings before Judge Alksne (and, accordingly, the standard of review to be applied) and with ASIC's insistence that *Emerald Bay* and similar cases are controlling. As we will explain *post*, *Emerald Bay* and ASIC's related authorities are factually distinguishable and thus inapplicable. In *Emerald Bay*, the insured did not suffer any damages because the participating insurers paid the insured's entire costs of defense *as they were incurred*, whereas here McMillin *actually* suffered contract damages of at least $309,957, even if

affirmative defense of offset — i.e., where " '[a] court of equity will compel a set-off when mutual demands are held under such circumstances that one of them should be applied against the other and only the balance recovered' " (*ibid.*) — which ASIC expressly tells us is *not* being asserted here. In its letter brief, ASIC contends that, because the proceedings were essentially a stipulated trial (not a motion in limine), McMillin's appeal presents issues to be reviewed under the "more lenient" standards of "substantial evidence and abuse of discretion." In so doing, however, ASIC fails to advise *what* standard applies to *what* ruling(s) or to provide any *authority* for its position. In the same sentence, ASIC describes the procedure as "a pre-trial determination of mixed legal and factual issues" — which, if true, would suggest a de novo standard of review. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799-801 [mixed questions of fact and law are reviewed de novo where legal issues predominate].) Here, during the in limine proceedings, there were no disputes as to McMillin's alleged contract damages, the total amount of Settlement proceeds, or the amount of Settlement proceeds allocated expressly to contract damages by the settling insurers; rather, the parties' disagreements centered on who had the burden of proof and whether, as a matter of law, McMillin suffered damages. In any event, we are not persuaded by ASIC's letter brief, since ASIC's positions are inconsistent, and ASIC presents its most recent iteration without authority.

the eventual application of an equitable offset precludes McMillin from recovering some or all of these damages. We will then explain that because the record on appeal does not support ASIC's representation that the parties stipulated to have Judge Alksne decide either the amount of damages in lieu of trial or the amount of any offset, there is no support for ASIC's suggestion of a standard of review other than de novo with all presumptions, inferences and doubts in favor of McMillin.

(i)     Emerald Bay

Throughout the briefing at all stages in both the trial and appellate courts, ASIC has relied on the opinion in *Emerald Bay*, *supra*, 130 Cal.App.4th 1078, as authority *requiring* the court to rule as a matter of law that McMillin did not suffer any contract damages. We disagree; *Emerald Bay* is not controlling, except to the extent it supports the claim that McMillin suffered damages here, whereas the insured in *Emerald Bay* did not.

In *Emerald Bay*, an insured sued Golden Eagle Insurance Corporation for breach of the duties to defend and to indemnify under a policy of commercial general liability insurance. (130 Cal.App.4th at pp. 1082-1083.) Although Golden Eagle had refused to defend or indemnify the insured in the underlying action at a certain point in time, Federal Insurance Company, another of the insured's insurers, provided a complete defense (and indemnification) at all times. (*Id.* at pp. 1083-1084.) The trial court granted summary judgment in favor of Golden Eagle — and the Court of Appeal affirmed — on the ground that, *since Federal had provided a complete defense at all times*, the insured

27

" 'suffered no cognizable damages' " in its claims both for breach of contract and for breach of the implied covenant of good faith and fair dealing.  (*Id.* at pp. 1087-1096.)

ASIC's reliance on *Emerald Bay* is misplaced, because the predicate in *Emerald Bay* — namely, that at all times the insured had been provided a complete defense by a participating insurer (130 Cal.App.4th at p. 1084) — is not present here.  ASIC's other authorities are also unpersuasive because of ASIC's failure to appreciate that, in each, the insured was *never* without a complete defense provided by someone other than the defendant.  (*Bramalea California, Inc. v. Reliable Interiors, Inc.* (2004) 119 Cal.App.4th 468, 471-473 [in an action against subcontractors to recover costs of defense from an underlying construction defect action, all of the contractor's attorney fees in the third party action were paid by the contractor's insurer]; *Patent Scaffolding Co. v. William Simpson Constr. Co.* (1967) 256 Cal.App.2d 506, 510-511 [where defendant contractor had agreed to procure fire insurance but did not and plaintiff subcontractor suffered fire loss, because plaintiff recovered all losses from its own insurer plaintiff did not suffer damages]; *Ringler Associates Inc. v. Maryland Casualty Co.* (2000) 80 Cal.App.4th 1165, 1187 [plaintiff insured did not suffer damages when defendant insurer withdrew from providing a defense, because insured "was fully protected from having to pay *any* costs of its own defense by other insurers"]; *Tradewinds Escrow, Inc. v. Truck Ins. Exchange* (2002) 97 Cal.App.4th 704, 712 [defendant insurer not liable for costs of defense in third party action "where other insurers were on the risk and assumed the insured's defense"]; *Prichard v. Liberty Mutual Ins. Co*. (2000) 84 Cal.App.4th 890, 909 [no breach of duty to defend where multiple insurers shared total defense expenses];

28

*Ceresino v. Fire Ins. Exchange* (1989) 215 Cal.App.3d 814, 823 [where one insurer paid for insured's defense in underlying litigation, second insurer's failure to do so "was of no consequence" to insured].) ASIC fails to distinguish the situation where the insured is provided a complete defense (plaintiffs in *Emerald Bay* and related authorities) from the situation where the insured is without a complete defense but later, following litigation, recovers payments from others that arguably compensate the insured for having to provide its own defense (McMillin here).

On appeal, ASIC acknowledges that only a portion of McMillin's defense expenses in the *Baker* litigation were covered by other insurers, thereby essentially conceding that McMillin did, in fact, suffer damages in the amount of the unpaid portion defense expenses in the *Baker* litigation.[26] (*Marie Y.*, *supra*, 110 Cal.App.4th at p. 961 ["the proper measure of damages [for breach of the duty to defend] is the reasonable attorneys' fees and costs incurred by the insured in defense of the claim"].) In its most recent letter brief, in reliance on *Emerald Bay* and related authorities, ASIC emphasizes that "the measure of damages for breach of the duty to defend are the costs and attorney

---

[26] Citing *Buss v. Superior Court* (1997) 16 Cal.4th 35, 48-49, and *Presley v. American States Ins. Co.* (2001) 90 Cal.App.4th 571, 575, ASIC also claims that, because *other* insurers had accepted McMillin's tender of the defense of the *Baker* litigation, the *other* insurers were required to "defend immediately and entirely." We have not considered this argument, since ASIC presents no record references or any arguments as to how this authority might apply here. (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C); *Liberty*, *supra*, 194 Cal.App.4th at p. 846 ["at a minimum," we may disregard unsupported assertions in briefs].) In any event, ASIC does not explain how the other insurers' alleged breach of their duties to defend is a defense to McMillin's claim against ASIC, as opposed to a potential claim ASIC may have against those other insurers.

fees that were paid by McMillin *and remain 'unreimbursed.'* "  ASIC presents no

authority (and we are aware of none) that supports the italicized portion of ASIC's

statement requiring an insured's damages to "*remain 'unreimbursed'* " at the time of trial

in order to establish damages as an element of the cause of action.  The timing and source

of "reimbursement" may affect the insured's ability to *recover damages awarded*, but not

whether the insured *suffered the damages*.

Emerald Bay is neither controlling nor persuasive, except to the extent it confirms

that, in contrast with the insured in *Emerald Bay*, the insured here (McMillin) does have

evidence of damages — namely, McMillin's attorney fees and costs incurred in defending

the *Baker* litigation that were not paid by the insurers that participated in McMillin's

defense of that action.  Thus, according to *Emerald Bay* and ASIC's related authorities,

the existence of the Settlement proceeds is irrelevant to the determination of whether

McMillin suffered damages as a result of the alleged breach of the duty to defend.

(ii)     *Purported Stipulation*

After merits briefing of 152 pages and amicus briefing of 32 pages, *for the very*

*first time in its letter brief*, ASIC advises that "the parties stipulated that [Judge Alksne]

was to make certain damage determinations before presenting the remainder of the case"

and "McMillin agreed to have [Judge Alksne], not the jury, decide whether [McMillin]

still had damages at the start of trial."  In support of this new revelation, ASIC refers us to

the following statements, which it attributes to McMillin during the in limine

proceedings:

30

" 'Plaintiff MCMILLIN joins with Defendant ASIC in requesting that the court address the issue of offset before the remainder of the case. Plaintiff concurs with Defendant ASIC that the issue of damage offsets is one for the trial judge, not the jury to decide.' "

" 'MCMILLIN joins . . . in requesting that the court address the issue of offset before the remainder of the case.' "

The first statement is contained in one of McMillin's briefs on the issue of offsets. ASIC did not provide a record reference for the second statement, and thus we may disregard it. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Liberty, supra,* 194 Cal.App.4th at p. 846.) In any event, neither statement alone nor both statements together establish an agreement by McMillin and ASIC to have Judge Alksne decide the issue of *damages* based on declarations and oral argument. At most, McMillin asked the court to decide the potential effect of the Settlement proceeds on McMillin's alleged damages in order to limit or exclude evidence of the Settlement,[27] *not* to preclude McMillin from going to trial on the causes of action in the TAC. Finally — and tellingly — ASIC does not tell us where in the record *it* agreed to the procedure that it now contends was intended by the parties and accepted by the court; and our familiarity with the record does not disclose such an agreement.

(iii)    *Trial Court's Error*

As explained at part III.A.1, *ante*, we consider ASIC's motion in limine as if it had been a motion for nonsuit after opening statement. As such, we review the trial court's

---

[27]    Consistently, McMillin had filed a motion in limine asking for an order excluding evidence of or reference to the Settlement.

31

ruling de novo, viewing the evidence and offers of proof most favorably to McMillin, and resolving all presumptions, inferences and doubts in its favor; and we will uphold the order granting ASIC's motion only if it is required as a matter of law. (*Edwards*, *supra*, 53 Cal.App.4th at p. 28; *Amtower*, *supra*, 158 Cal.App.4th at pp. 1594-1595.) Under this standard, Judge Alksne's order granting ASIC's motion in limine — and, therefore, the related judgment — must be reversed.

The parties do not dispute that pursuant to express language in certain of the Settlement agreements, $274,154 was allocated to McMillin's defense expenses in the *Baker* litigation. McMillin presented this evidence to the trial court, explaining: "[I]f it was McMillin and the settling carriers' intent to allocate a portion of the [settlement] funds to settlement of defense costs, then the allocation would have been set forth explicitly in the settlement agreement[s]." This statement and a reasonable inference from it establish that because the remaining Settlement proceeds ($416,000) were unallocated, the settling parties did not intend that those funds be allocated to *Baker* fees — i.e., those Settlement funds instead should be allocated to settling insurers' resolution of the cause of action for breach of the implied covenant of good faith and fair dealing, *not* to the cause of action for breach of the contract duty to defend. Doing so leaves McMillin with its claim for *Baker* fees — sufficient evidence to defeat a motion for nonsuit after opening statement, the standard we are to apply.[28]

---

[28] We do not have to apply the inference from the evidence related to the allocation of Settlement proceeds. The mere fact that McMillin incurred the *Baker* fees (regardless of the amount) is sufficient evidence to defeat a motion for nonsuit.

32

Thus, under the standards for ruling on motions for nonsuit — which are the same for purposes of our standard of review on appeal (*Edwards*, *supra*, 53 Cal.App.4th at p. 28) — Judge Alksne erred in rejecting McMillin's presentation (that unallocated Settlement proceeds be allocated to resolving the tort claim) and accepting ASIC's presentation (that unallocated Settlement proceeds be allocated first to resolving the contract claim), leaving McMillin without evidence of damages. In making such a ruling in limine, the trial court essentially granted a nonsuit as to the issue of McMillin's alleged damages without requiring the statutory procedural protections associated with nonsuit proceedings, thereby precluding McMillin from trying its case.

(iv) *Conclusion*

In ruling that McMillin was precluded from arguing that the unallocated Settlement proceeds either are not an offset to contract damages or are allocated to the tort damages, the trial court erred in essentially granting a nonsuit in ASIC's favor.

ASIC's arguments regarding offsets based on the Settlement proceeds do not defeat McMillin's right to go to trial on the TAC. The fact that McMillin may have obtained the Settlement from 11 other insurers years after the tender of defense to ASIC — regardless how the Settlement proceeds are allocated — affects only McMillin's potential *right to recover damages* from ASIC, not whether McMillin *suffered damages* as a result of ASIC's alleged breaches.[29]

---

[29] Thus, we agree generally with ASIC's statement that based on its claim for breach of contract "McMillin is only entitled to a [final] judgment for the balance of defense fees and costs (the contract damages) that were not paid by others." Importantly, however, the

33

4.      *The Orders Granting the Motions in Limine Are Reversed*

The minute order filed July 26, 2012, precluding ASIC from disputing its alleged

duty to defend is reversed; and on remand, the court should enter an order denying the

SAC plaintiffs' motion in limine.  The minute order filed October 22, 2012, precluding

McMillin from arguing that the unallocated Settlement proceeds either are not an offset

to contract damages or are allocated to the tort damages, is reversed; and on remand the

court should enter an order denying ASIC's motion in limine.[30]

As evidenced in this appeal, using an in limine motion as a substitute for a

potentially dispositive statutory motion produces substantial risk of prejudicial error.

"The disadvantages of such shortcuts are obvious.  They circumvent procedural

protections provided by the statutory motions or by trial on the merits; they risk

blindsiding the nonmoving party; and, in some cases, they could infringe a litigant's right

---

"balance of defense fees and costs" can only be determined following a trial (at which McMillin is given the opportunity to prove both contract and tort *damages*) and, if necessary, posttrial offset proceedings (at which ASIC may attempt to limit *recovery* of any damages awarded).

[30]      Both in briefing  and at oral argument, ASIC insisted *Atlantic Mutual Ins. Co. v. J. Lamb, Inc.* (2002) 100 Cal.App.4th 1017 precludes McMillin from arguing that any portion of the unallocated Settlement proceeds be allocated to *Brandt* fees (tort damages) before allocating sufficient Settlement proceeds to fully reimbursing McMillin for its *Baker* fees (contract damages).  We disagree.  In the context of an equitable subrogation dispute between two insurers, *J. Lamb* merely stated that a settlement agreement between an insured and its insurer "which does not even reflect that a claim for bad faith was pending or existed" — combined with the testimony of a representative from the settling insurer regarding the insurer's intent — was not evidence that the settlement proceeds were intended by the settling parties as "a payment 'for defense and indemnity of bad faith.' "  (*Id.* at p. 1042.)  On remand, McMillin and ASIC may each present whatever evidence it has regarding the intent of any of the settling parties here.

to a jury trial." (*Amtower*, *supra*, 158 Cal.App.4th at p. 1594.) Accordingly, "[t]he better practice in nearly every case is to afford the litigant the protections provided by trial or by the statutory processes." (*Id.* at p. 1588.)

B.  *ASIC Is Not Entitled to Judgment on McMillin's Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing*

As part of its cross-appeal, ASIC asks us to affirm that portion of the judgment in its favor on McMillin's third cause of action for breach of the implied covenant of good faith and fair dealing.

However, since only a "party aggrieved" can prosecute an appeal (Code Civ. Proc., § 902), we question whether ASIC has standing to raise this request in its cross-appeal. A party is legally "aggrieved" for appeal purposes only if its "rights or interests are injuriously affected by the judgment." (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 737.) Here, ASIC raised the request as an appellant (in a cross-appeal), yet ASIC's rights or interests are hardly "injuriously affected" (*ibid.*) by a judgment that is entirely in its favor — including specifically as to McMillin's cause of action for breach of the implied covenant of good faith and fair dealing.

Even if we treat this portion of ASIC's cross-appeal as if it were raised by ASIC as the respondent in McMillin's appeal (as an alternative way to affirm the judgment as to the tort claim), we still are unable to grant the relief. ASIC moved only for summary judgment and did not seek summary adjudication on the cause of action for breach of the implied covenant of good faith and fair dealing, and we may not consider relief ASIC did

35

not request in the summary judgment proceedings.[31] (*Barber v. Chang* (2007) 151 Cal.App.4th 1456, 1469; *Motevalli v. Los Angeles Unified School Dist.* (2004) 122 Cal.App.4th 97, 114 ["a motion for summary adjudication cannot be considered by the court unless the party bringing the motion for summary judgment duly gives notice that summary adjudication is being sought as an alternative to summary judgment, in the event summary judgment is denied"].)

---

[31] We express no view on the merits of ASIC's argument that the application of genuine dispute doctrine entitles ASIC to judgment as a matter of law on McMillin's cause of action for breach of the implied covenant of good faith and fair dealing. (See *Opsal v. United Services Auto. Assn.* (1991) 2 Cal.App.4th 1197, 1205-1206 ["[B]ad faith liability cannot be imposed where there 'exist[s] a genuine issue as to [the insurer's] liability under California law.' "]; but see *Mt. Hawley Ins. Co. v. Lopez* (2013) 215 Cal.App.4th 1385, 1424 ["doubtful that the so-called 'genuine dispute doctrine' applies in third party duty to defend cases"].)

DISPOSITION

The appeal is dismissed as to all appellants other than McMillin Construction Services, L.P., dba McMillin Homes, a Corky McMillin Company.  The judgment is reversed and the matter remanded for further proceedings.  The parties will bear their respective costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(3), (5).)

IRION, J.

WE CONCUR:

NARES, Acting P. J.

AARON, J.