**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TONY PAN,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>TOM MING CHOU, AKA Tom Chou,<br><br>               Defendant-Appellee. | No. 20-55139<br><br>D.C. No.<br>8:15-cv-01528-JVS-KES<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted May 4, 2021[**]
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and DONATO,[***] District Judge.

Tony Pan appeals from the district court's judgment and the denial of his

motion to alter or amend findings of fact and conclusions of law, to make

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

additional findings, and to amend judgment accordingly. The district court held an eight-day bench trial before making its findings of fact and conclusions of law, entering judgment, and denying Pan's motion. We affirm.

First, the district court did not err in finding that Pan did not reasonably mitigate his damages. The district court did not conclude that Pan should have mitigated his damages by paying off Chou's personal debts himself. It was not clear error for the district court to find that there were procedures available to Pan to remove the two liens on the property in China, which, if utilized, would have facilitated the property's sale. *See Watkins v. Ameripride Servs.*, 375 F.3d 821, 824 (9th Cir. 2004) ("The district court's findings of fact following a bench trial are reviewed for clear error[.]").

Second, with respect to the determination that Pan breached the settlement agreement, it was also not clear error for the district court to conclude that Pan knew about claims affecting the ability to sell the China property, which he failed to disclose. That Chou knew about the repayment agreements underlying those disputes is irrelevant to Pan's breach. Under the settlement agreement, both Pan and Chou independently warranted that neither party was "aware of any pending or threatened claims . . . [w]hich might affect the sale of the [China] Property."

Third, the district court's offset of Pan's damages from Chou's breach of the settlement agreement, with Chou's damages from Pan's breach, is not clearly

erroneous. The district court found that Pan had breached the agreement, and that Chou's damages were greater than Pan's damages. The offset was consequently proper under California law. *See* Cal. Code Civ. P. § 431.70; *McMillin Cos., LLC v. American Safety Indem. Co.*, 233 Cal. App. 4th 518, 533-35 (2015).

Pan's request for judicial notice of a minute order from the parties' related action in the Orange County Superior Court is granted. Fed. R. Evid. 201.

**AFFIRMED**.